## No. 13,620.

McGILLIARD, NEAMS, ET AL. VS. DONALDSONVILLE FOUNDRY AND MACHINE
WORKS, LIMITED.   ROBERTS & CO., AND GIBBENS AND STREAM,
INTERVENORS.

### SYLLABUS.

The business of the corporation was going to ruin.   Two of the stockholders
petitioned for the appointment of a receiver, and asked, in accordance with a
resolution of the board of directors, for the appointment of petitioner whose
name was mentioned.   He was appointed.   Two of the creditors of the cor·
poration attacked the appointment on various grounds.

1st.—Because the receiver appointed is a stockholder and has an interest opposed
to that of the creditors.

(a)   Interest of a stockholder is not necessarily an objection.   In protecting his
own interests in a proper manner, he must protect that of the creditors and
other interested parties.

2nd.—Because the receiver has been a negligent stockholder and has not, hereto-
fore, protected his own interests as a stockholder.

(a)   Stockholders are not supposed to assume management and direction of the
corporation.   Bad management of the officers, with which they had nothing
to do, is not to be charged to them.

3rd.—Because the receiver resides in another parish and at some distance from
the works of the corporation.

(a)   The law, in matter of the appointment of a receiver, does not seem to con-
template parish lines as an objection.   That issue is not raised by the
pleadings.   As relates to distance (of the receiver's domicil) the court will
not assume beforehand that it will be a continuing interference with proper
management.   Under the law, the District Court is to have an eye to the
proper operation of the defendant corporation.   The court's agent has been
selected with that object in view.   Without a preponderance of proof of
error in naming a receiver, the appointment will not be annulled.

4th.—The opposing creditors have raised a number of issues regarding the irregu·
larity of the proceedings.

(c)   They have admitted the necessity of appointing a receiver, and thereby
cured all defects, if any existed, to the proceedings looking to the appoint-
ment.

APPEAL from the Twenty-Seventh Judicial District, Parish of
Ascension—*Leche, J.*

*Richard McCulloh* for Plaintiffs, Appellees.

*Edmund Maurin* for Intervenors, Appellants.

The opinion of the court was delivered by

BRÉAUX, J. This is a suit brought by two stockholders and a creditor of the Donaldsonville Foundry and Machine Works, Limited, for the appointment of a receiver to take charge of the property and business of the corporation, which appointment is opposed by the intervenors and appellants (creditors of the corporation).

It seems that at a meeting of the board of directors of this company, held on the twenty-seventh day of June, 1900, a resolution was adopted setting forth that the corporation was unable to meet its obligations and asking that M. M. Neams, one of the petitioners for the appointment of a receiver, be appointed to that position. The other petitioner is William McGilliard. The creditor who also petitions for this appointment is the Ramsey and Sickemeiar Company, a corporation domiciled in Missouri.

These petitioners for the appointment of a receiver charge that for some time past their rights as stockholders and creditors respectively, of the Donaldsonville Foundry and Machine Works, Limited, have been exposed to total loss by the bad management of its officers; that they contracted many debts aggregating a comparatively large amount beyond the ability of the corporation to meet; that the officers conceal the amount of the indebtedness of the corporation; that at least one of its drafts was protested, and that, in consequence of its embarrassed condition, the business of the company has greatly suffered; that despite all this the officers are contracting new debts; that the indebtedness already amounts to about ten thousand dollars and absolute insolvency is bound to ensue, unless a change is brought about through the instrumentality of the courts. At the instance of petitioners, proper service was made on the corporation of demand for it to show cause why M. M. Neams should not be appointed receiver. The petition for the appointment is sworn to by the oath of petitioner's attorney.

Roberts & Co., a commercial firm, and Stream and Gibbens, both creditors of the corporation, filed an intervention praying that a disinterested person be appointed; that some one be appointed who has no interest in the corporation.

The testimony admitted on the trial of the rule shows that since about two years the management had not been satisfactory to the directors and the shareholders. Insolvency was the threatened condition, as the amount of the debts was nearly equal to the amount of the assets. But we will not dwell upon the subjects of mismanagement and insolvency for the reason that they are not formally denied. All

concerned agree in averring that the condition calls for the appointment of a receiver. The board of directors unanimously adopted a resolution requesting the court to appoint M. M. Neams.

We have seen that appellants also ask for the appointment of a receiver, but stoutly oppose the appointment of M. M. Neams, one of the appellees, who is one of the stockholders. The grounds of the opposition to this appointment are that his appointment will be detrimental to the interests of the creditors; that he, being interested as a stockholder, will have an eye to his own interest and not to those of the creditors; that he has entered into an agreement with the stockholders of the corporation to secure his appointment adversely to the creditors. These are the allegations of the intervenors. No evidence was introduced to sustain them except of the mere fact that M. M. Neams is a stockholder. This, of itself, is not sufficient to render him incompetent to discharge the duties of receiver.

The appointment of a receiver should stand until it is made evident that he is not a proper person. Hyde on Receivers, p. 65, Sec. 64. Ordinarily, the fact that a receiver has an interest is a recommendation that he will safeguard the interests of his fellow stockholders as well as his own. There may be exceptions rendering it prudent, in a business point of view, not to appoint a stockholder. This case is not brought within any exception. We will not assume, without testimony, that the one appointed is not a proper person exclusively because he is a stockholder.

He was never an officer of the corporation and there is nothing in the record giving color even to appellants' charge that, as a stockholder, he has taken part in any of the mismanagement of the corporation. We have not found in plaintiffs' petition and in the resolution of the board of directors asking for the appointment of a receiver, to which we have already referred, the evidence of the collusion between the plaintiffs and defendants for which intervenors and appellants contend. True, one of the petitioners is the vice-president. If he has been negligent in not asserting his authority as an officer to prevent mismanagement, this in no way can affect the rights and interests of the other plaintiff who has nothing in common with co-plaintiff save that they have united in a petition to obtain the appointment of a receiver. We are informed by the testimony that he is a well-known engineer and enjoys a good reputation for capacity as a mechanic, and integrity as a man. It is urged by the appellants that he is not a bookkeeper or

accountant. This objection is completely met by the proof that he is intelligent and has been fairly successful in business.

The court is charged to see to the proper administration of the affairs of this corporation. It has selected this receiver as its agent. In this selection it must be vested with some discretion which should remain undisturbed when it has been exercised unless it be manifest that an error has been committed. "And it may be asserted as a general rule, that, to induce an appellate court to interfere with the decision of an inferior tribunal in the selection of a receiver, it is necessary to show some overwhelming objection in point of propriety, or some fatal objection upon principle in the person named." Hyde on Receivers, p. 67, Sec. 65, 3rd Ed.

There are no great disputes between the parties, as we take it, but even in case of great dispute, there is support for holding that the fact that one of the parties in interest and to the dispute has been appointed receiver, does not afford ground for reversing the appointment made by the court of the first instance.

The appellants, in their brief, urge as an objection that the receiver heretofore appointed is a non-resident of the parish. The pleadings do not raise the objection. They are entirely silent regarding the residence of the receiver. We will not, therefore, pass upon an objection raised only in argument which should be of no force unless pleaded. We will state, however, that if the receiver resides at a great distance from the property of which he has control, it may prove detrimental to the interests of the company. In the present condition of affairs, however, and with the pleadings and evidence before us, we will not decide the question adversely to the appointment which has been made. Our brother of the District Court who has the matter in charge is invested with authority to require reports and accounts, and will not, we take it, permit an interest virtually under his control to suffer loss, because of the mismanagement arising out of the absence of the receiver he has appointed to administer the business of the corporation properly.

Intervenors and appellants have raised technical objections to the proceedings instituted for the appointment of a receiver, such as that the petition is not supported by a sufficient oath, as it does not appear that the attorney took the proper oath for his client in his absence; that the resolution of the board of directors, to which we have before referred, is not such as the law requires; and, finally, that plaintiffs and appellees have no cause of action.

The intervenors and appellants having themselves admitted the ne-cessity of an appointment of a receiver and having made application for another appointment than that made, are not in a position to urge successfully that the proceedings for an appointment are null, because of defect or deficiency in the pleadings.

As relates to the appointment made, considered as an original ques-tion, we think, with the evidence before us, that the appointment of the agent selected by the court should remain undisturbed, as there is nothing to indicate that there will be the least improper management.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from is affirmed.

Rehearing refused.