(38 South. 78.)

No. 15,324.

In re ECKHARDT MFG. CO., Limited.

(Feb. 13, 1905.)

CORPORATIONS—APPOINTMENT OF RECEIVER—
RIGHTS OF STOCKHOLDERS—ESTOPPEL
—OBJECTIONS TO RECEIVER.

1. Where a creditor of a corporation which has been placed by the district court in the hands of a receiver, in order to wind up its affairs under its orders, seeks to avoid the order by motion to have the same set aside, the issues submitted on the trial of that motion in the lower court, and on appeal from the court's judgment on such motion, are much broader than they would have been had the creditor appealed from the order on the face of the record. Where, on such trial, under the evidence adduced, and the attitude taken by the majority of the stockholders, a condition of affairs is shown which justifies the court's action, it will be maintained.

2. Stockholders in a corporation, who, at a stockholders' meeting, voted for placing the same in liquidation in the hands of liquidators, and voted for the liquidators who were elected at that meeting, are not estopped by that action from subsequently intervening, in a proceeding taken to vacate an order of court replacing the liquidators by a receiver, to oppose the vacating of the order, particularly where the liquidators have themselves intervened in support of the order.

3. The discretion of an inferior court in the selection of a receiver as its agent in the liquidation of a corporation should remain undisturbed, unless objections of the most serious character are shown, or some fatal objection on principle in the person named. Because the person named is a creditor and stockholder in the corporation is not necessarily an objection. If true it be that the former liquidators have permitted stockholders who are creditors to compensate debts which they owe to the corporation for purchase of merchandise by debts due to themselves and, among these, the party who had been appointed receiver, that fact would not, as a matter of course, prove wrongdoing by the liquidators, still less by the parties so permitted to compensate. If by such compensation those parties have received too much by anticipation, proper remedies exist, for rectification of the inequality, inside of the receivership.

(Syllabus by the Court.)

Appeal from Eighteenth District Court, Parish of Acadia; Conrad De Baillon, Judge.

In the matter of the receivership of the Eckhardt Manufacturing Company, Limited. Application of the Iberia Cypress Company for rule on Jack Frankel and others to show cause why the appointment of William E. Lanson, receiver, should not be set aside. From an order refusing the rule, petitioner appeals. Affirmed.

Burke & Burke and Hampden Story, for appellant. Medlenka & Taylor, for W. E. Lawson, receiver. Jack Frankel and P. S. Lovell, for appellees. Medlenka & Taylor, for J. F. Shoemaker and others, interveners. Chappuis & Holt, for Abram Kaplan and others, interveners.

## Statement of the Case.

NICHOLLS, J. The Eckhardt Manufacturing Company, Limited, was created by notarial act on the 29th of September, 1900. Its general purposes were declared to be to saw, dress, and manufacture lumber ready for use, to buy and sell lumber, and do a general lumber business. By article 4 of the charter it was declared that all powers of the corporation should be vested in and exercised by a board of five directors, to be selected annually by ballot at a meeting of the stockholders. The fifth article of the charter provided that the act of incorporation might be changed, modified, or altered, or the corporation dissolved, with the assent of three-fourths of the stock present or represented at a meeting convened for that purpose after three weeks' advertisement in any weekly paper published in the town of Crowley, and with notice mailed to each stockholder at his last known post-office address.

The seventh article of the charter provided that whenever the corporation is dissolved, either by limitation or by the determination of the stockholders, its affairs should be liquidated under the supervision of two liquidators to be appointed for that purpose at a general meeting of the stockholders convened after 15 days' notice, which shall be sent by mail to the address of all the stockholders whose addresses shall be known to or who shall have left their addresses with the secretary, and shall be published for two weeks in any weekly paper published in the town of Crowley. At such a meeting to consider the liquidation of the corporation, the result shall be determined by the consent of three-fourths of the stock present or represented at such meeting. In case of death or inability to act of any of the liquidators, the survivors shall act alone.

A meeting of the stockholders of the corporation was held on the 5th of October, 1903, for the purpose of electing officers, and such other business as might come before the meeting. At that meeting a board of directors was elected. The meeting then adjourned, and the newly elected directors met and organized. A report of the examination of the books was made, when it was moved, seconded, voted on, and carried that a meeting of the stockholders be called in regard to the advisability of liquidating the affairs of the company. A committee of one (Mr. Medlenka) was appointed to issue notices to the stockholders, and to have notice published in a weekly journal, according to the charter. Mr. Medlenka was further authorized to advertise for sale the plant and the buildings of the company in one or more lumber journals.

Under a call to that effect, a meeting of the stockholders of the company was convened at Crowley on the 27th of October, 1903. The president explained that the object of the meeting was for the purpose, as announced, of deciding and passing upon the advisability of the company going into liquidation. After discussion, it was moved, seconded, voted upon, and carried unanimously that the affairs of the company would be wound up, and, in order to accomplish that object, its affairs be liquidated under the supervision of two liquidators to be appointed at that meeting, as provided for in the article of the charter.

In order to carry out the foregoing motion, it was moved, seconded, voted upon, and carried unanimously that J. F. Shoemaker and Miron Abbott be elected liquidators, under whose supervision the affairs of the company should be wound up. It was then moved, seconded, and carried unanimously:

"That the liquidators take charge of the affairs, assets, and property of the Eckhardt Manufacturing Company, Limited, at once, and they were thereby authorized and empowered to operate and manage the affairs of the company in such manner as they might see fit and proper, with full power to dispose of the said property, both real and personal, in lots or in globo, for cash or on such terms and conditions as they might see fit and proper; in fact, to do all acts

and things and exercise such power and authority as the laws of the state and the charter of the company might confer on them, and such as would enable them to wind up the affairs of the company to the best interest of all concerned."

On the 18th of March, 1904, the following resolution was offered and adopted at a special meeting of the board of directors of the company:

"Whereas, the corporation owes debts past due which they are unable to meet, and it is unable to meet obligations as they mature:
"Be it resolved that a receiver is necessary to preserve and administer its assets for the benefit of all concerned.
"Be it further resolved that the proper officer of this corporation be and is hereby authorized to consent and acquiesce in the appointment of a reliable and responsible person as receiver, and that William E. Lawson be, and he is hereby, recommended to the court as a proper person to fill the said position, and his appointment be requested."

On the same day a joint petition was filed in the district court for Acadia parish by Jack Frankell and Preston S. Lovell, alleging themselves to be creditors of the Eckhardt Mfg. Co., Limited, the first for $3,354.17, and the latter for $3,464.96.

They averred that the debts to them were due and unpaid; that obligations due to other creditors were maturing, and that the said concern was unable to meet the same; that one of its largest creditors had instituted suit, and the same was then pending in the Acadia court; that the concern was no longer a going concern, and, while its property had not exactly been abandoned, matters were in such shape that to let them remain longer as they were would jeopardize the interests of its creditors, particularly of petitioners; that at a meeting of the board of directors a resolution was passed declaring the corporation unable to meet its obligations as they matured, and that a receiver was necessary to preserve and administer its assets for the benefit of all concerned, and that petitioners were entitled to have a receiver appointed, and they

thereby made application for the appointment of the same; that they recommended William E. Lawson, a resident of Acadia parish, as being competent in every respect to fulfill the said position, and asked the court to appoint him; that the total assets of the company were worth $35,000. They prayed that the Eckhardt Manufacturing Company, Limited, might be cited, through its proper officer, to show cause why a receiver should not be appointed to wind up, and liquidate the affairs of the said corporation, with full power to hold and administer, manage and dispose of, its property and income in such manner as the court should direct, and that after due hearing a receiver be appointed.

On the 19th of March, 1904, Joseph G. Medlenka, styling himself vice president of the Eckhardt Manufacturing Company, Limited, defendant in the case, and (acting) by virtue of a resolution adopted by the board of directors of said company, which he annexed, made appearance and joined in the prayer of petitioners.

On the same day the district judge issued an order, at chambers, adjudging and decreeing that William E. Lawson be appointed receiver of the Eckhardt Manufacturing Company, Limited, as prayed for, and that letters as such issue in his favor, on his furnishing bond in the sum of $10,000, and taking an oath as required by law. He further ordered that an inventory of the property of the company be made, with appraisement.

Such inventory was made on the 22d of March. It showed property to the value of $22,800.74; ——— dollars of that amount representing the value of immovables, ——— dollars representing the value of the movables connected with the factory, and ——— dollars representing the value of bills payable and accounts due.

On the 22d of March, 1904, Lawson qualified as receiver, he having taken his oath on.

that day, and having executed a bond as required by the court's order.

On the 4th of April, 1904, the district court, on the application of the Iberia Cypress Company, caused a rule to be made upon Jack Frankell, P. S. Lovell, and William E. Lawson to show cause why the order granted, appointing W. E. Lawson receiver of the Eckhardt Manufacturing Company, Limited, should not be avoided, set aside, and vacated.

In its application for the rule it averred that it was a creditor of the Eckhardt Company in the sum of $5,000, with 8 per cent. interest from June 6, 1903, until paid, and attorney's fees, said indebtedness being represented by a promissory note for the amount stated. That it instituted suit in Acadia parish on the 15th of October, 1903, and the Eckhardt Company, through its attorneys, by filing innumerable and technical objections, had up to date prevented a trial of the same, and had never filed an answer to the same. That the exceptions were frivolous, and interposed without good faith or valid grounds, solely for the purpose of delaying and preventing it from obtaining a judgment so that the corporation could collect its outstanding credits, sell and dispose of its marketable products, wares, and merchandise, and other property, and its effects, and use the money so obtained in paying a few favored creditors, principally stockholders.

Reciting the order of the court of the 18th of March, 1904, appointing W. E. Lawson receiver, it averred that said order was made instanter, and without giving it (opponent) an opportunity of being heard therein or of making opposition thereto.

That in the application it was then making it moved to vacate and set aside said order on the following grounds:

(1) That Lawson was prior to his appointment as receiver, and still was, a stockholder in the corporation and a creditor thereof, and that the Bank of Acadia, of which he was the cashier, was also a creditor for a large amount.

(2) That prior to his appointment the said Lawson obtained, in payment of the debt due him, and also of the debt due the Bank of Acadia, merchandise, consisting of lumber, sashes, and other property, at less than the market value thereof, to partly, if not fully, satisfy the debts due to him and the Bank of Acadia; that the transfer of the said property was made to him by the liquidators of the corporation, who had been duly elected at a stockholders' meeting to wind up and liquidate its affairs; that the said transfer by the liquidators was an unlawful preference to Lawson and the Bank of Acadia, to the prejudice and detriment of opponent.

(3) That Jack Frankell, P. S. Lovell, W. E. Lawson, and J. G. Medlenka were all officers, stockholders, and creditors of the said corporation, and also all stockholders of the Bank of Acadia, Frankell being president, Lawson its cashier, and Lovell a director. That the said parties, together with the members of the board of directors of the Eckhardt Company, had fraudulently conspired, concocted, and planned to bring about a condition in the affairs of said corporation in order to have a receiver appointed favorable to their interest and direct advantage.

That prior to the 18th of March, 1904, a stockholders' meeting of the Eckhardt Company was duly held in accordance with its charter, and two liquidators, J. F. Shoemaker and Miron Abbott, were appointed to take charge of the property and assets of the corporation and liquidate its affairs; that the appointment of the liquidators by the stockholders placed the entire control and disposition of the property of said corporation in their hands, and by their said election the board of directors became functus officio, and thereafter the board of directors had no authority to bind the corporation in any manner, and particularly to consent to the appointment of a receiver in these proceedings,

or, to declare by resolution the status of affairs of the corporation.

That all the members of the board of directors, or a majority thereof who passed the resolution of March 18, 1904, voted at a stockholders' meeting to liquidate the affairs of said corporation, and for the appointment of the liquidators thereof, and they and each of them were estopped by their said vote.

That the said order was null and void, and should be vacated, avoided, and set aside, on the further ground that all the parties interested in the application for a receiver, as well as the receiver himself, being stockholders and parties voting at the stockholders' meeting, were estopped by their conduct in demanding the appointment of a receiver; and on the further ground that the liquidators having charge of the assets and property of the corporation, there existed no reason for the appointment of a receiver, nor could any stockholder, after the stockholders had appointed liquidators, apply for the appointment of a receiver.

That all of the creditors of the corporation were stockholders in the same, except opponent; that the board of directors, of which Lawson was a member, had continuously applied the funds of the corporation and transferred the assets to favored creditors, stockholders among others, while refusing to pay opponent. That the condition of the company had been brought about in order to wreck said concern by the parties named, for the purpose of having a receiver appointed; and that the property of said alleged insolvent corporation might be sold at a sacrifice, to enable a few favored creditors, viz., Frankell, Lovell, Lawson, and Medlenka, to buy the same, and to reorganize a new corporation out of the wreck of the Eckhardt Company, paying out creditor stockholders, and defeating the claims of creditors, and particularly opponent.

That, for the reasons assigned, W. E. Lawson was a person unfit to be the receiver of the Eckhardt Company; that the order of the court should be avoided, vacated, and set aside appointing him to said receivership. Opponent reserved the right to sue individually the members of the board of directors for all damages for malfeasance, and in their official capacity of directors of the said company, and for other causes.

On the 12th of April, 1904, Frankell, Lovell and Lawson, receiver, answered, pleading the general issue.

On the same day Miron Abbott and John F. Shoemaker intervened, with leave of the court.

They averred that they were stockholders and creditors of the Eckhardt Manufacturing Company, Limited; that on the 27th of October, 1903, they were elected by the stockholders of the said corporation as liquidators of the same; that they entered upon their duties shortly thereafter, and administered its affairs to the best of their ability, having during that time disposed of nearly all the stock in hand, and applied the proceeds to the payment of debts; that on the 17th day of March, 1904, they endeavored to close up the affairs of the said concern by turning its assets over to the creditors in full settlement of all liabilities, the assets and liabilities just about equaling each other, and held a meeting of the creditors on March 17th for that purpose; that all of the creditors except the Iberia Cypress Company, Limited, were willing to accept the said property. It declined to do so, but, instead, gave interveners notice that it intended to apply for a receiver for the said concern.

That not being able to make any further progress towards the settlement of the outstanding obligations which were matured, maturing, and pressing for payment, and not desiring to make a private sale of the real estate belonging to the company, they caused a meeting of its board of directors to be held, and then and there asked to be relieved from further responsibility and duty as liquidators,

suggesting to the board that an application be made to the district court for the appointment of a receiver; that thereupon the board took such action as was requisite for the purpose of having a receiver appointed; and that upon application to the court by Frankell, Lovell, and two creditors as well as stockholders, W. E. Lawson was appointed receiver, and as such has qualified and taken charge of its property and affairs.

That the receivership was necessary to protect the interest of all creditors alike, to preserve and administer the assets of the corporation for the benefit of all concerned; that the appointment of W. E. Lawson as receiver was a wise and judicious selection, as he is both capable and responsible, and that the receivership under him will be economically and expeditiously conducted, and that it should be further maintained and continued in order to wind up the affairs of the corporation. They denied all and singular the allegations contained in the petition of the Iberia Cypress Company. They prayed to be allowed to intervene; that a copy of their petition be served upon the Cypress Company; that the rule to vacate and set aside the receivership and the said appointment be rejected and dismissed; that the receivership of the Eckhardt Company, as instituted and now before the court be affirmed, maintained, and proceeded with; that Lawson be retained as receiver, in order that its affairs may be wound up economically, judiciously, and expeditiously.

The allegations of this petition were supported by the oath of Miron Abbott.

On the same day John Green, Joseph G. Medlenka, Oscar E. Eckhardt, Alex C. Strader, Joseph A. Sabatier, and William E. Lawson, alleging themselves to be all of them stockholders, and the first two creditors of the Eckhardt Company, intervened, with the leave of the court.

They alleged that the property of the company had been virtually abandoned, and, ex-

cept for the appointment of Lawson as receiver, there would be no one to take charge of or protect its affairs; that the liquidators appointed at the meeting of the stockholders held October 27, 1904, had surrendered their trust, and that therefore the said receivership should be affirmed and maintained, the same being for the best interests of all concerned, and necessary to preserve and administer the assets of the corporation. They denied all the allegations of the petition of the Iberia Cypress Company. They averred that William E. Lawson, the receiver, was both capable and responsible, and the receivership under him would be conducted economically, judiciously, and expeditiously, and he should be retained. They prayed accordingly.

On the same day Abram Kaplan, Frank Walker, and Jos. Blum, the first named being a creditor of the company for a large amount, intervened, with leave of the court, and in support of the action of the court appointing Lawson receiver.

On the trial of the rule the district court overruled the opposition of the Iberia Cypress Company, rejected its demand, and maintained and confirmed the appointment of W. E. Lawson as receiver. Opponent appealed.

### Opinion.

The district judge, in his reasons for judgment, declared that its action was justified by the express provisions of section 8 of Act 159, p. 313, of 1898, which he quoted.

Referring to the complaint of the opponent that the appointment of the receiver had been made without giving it an opportunity to be heard or to make opposition thereto, the judge said that "he did not understand that the law required that notice should be given to the creditors or any of them. The law requires that notice be given to the corporation. Section 2, Act 159, p. 313, of 1898. In this case it was unnecessary to notify the Eckhardt Manufacturing Company, Limited,

for the reason that the Eckhardt Manufacturing Company had filed an answer joining in the application for a receiver."

Referring to the other grounds of opposition, he said that "the evidence showed that Mr. Lawson was eminently qualified for the position, and that he will faithfully and impartially discharge his duty as receiver.

Besides this, stockholders, 14 out of 20, and owning four-fifths of the capital stock of the Eckhardt Manufacturing Company, Limited, have intervened in these proceedings, and they pray that the demands of the Iberia Cypress Company be rejected, and that the appointment of W. E. Lawson as receiver be maintained and confirmed." At the time of the application made by Frankell and Lovell on the 18th of March, 1904, for the appointment of a receiver, the Eckhardt Manufacturing Company, Limited, was in liquidation, in the hands of liquidators elected at a meeting of stockholders held on the 27th of October, 1903. That meeting was called by the board of directors for the purpose of deciding and passing upon the advisability of the company going into liquidation. The action of the board of directors was the result of an examination of the books of the company and a report made thereon. The regularity and legality of the proceedings which led up to the placing of the company and to the election of liquidators, and the election itself of those liquidators, are conceded by the opponent, the Iberia Cypress Company. The complaint made by it herein goes no further back than to the order of the district court appointing W. E. Lawson as receiver of the company. Opponent urges that it should have been given an opportunity by the court to be heard on that matter and to oppose that appointment. We do not find in the statutes that the right of the court to appoint a receiver is conditioned upon its having given prior notice of the application made to it by a receiver to the creditors of the corporation.

Opponent was given by the law an opportunity, after the action by the court, to contest its order, either by appeal, or by motion to vacate or set aside the order. Had it appealed, this court would have tested the issues submitted on the face of the record, and by the strict rules governing appeals. It elected to proceed by motion to vacate, under which the issues were broadened, and the result left to be governed by the situation as established by the evidence adduced and by the parties then before the court. Baham v. Stewart Bros., 109 La. 999, 1004, 34 South. 54. Opponent raises a number of technical objections to the proceedings below, but they greatly lose their force when they are presented in the manner they are in the case before us. McGilliard v. Foundry Co., 104 La. 547, 548, 29 South. 254, 81 Am. St. Rep. 145. The situation of the corporation at the time of the application for a receiver was shown not only by evidence received on the trial of the opposition, but also shown by the prior action of the board of directors in calling a meeting of the stockholders for the purpose of deciding as to the advisability of placing the company in liquidation, and the action of the stockholders at that meeting, and by the petition of Frankell and Lovell for the appointment of a receiver, which was verified by the oath of the former. These two petitioners, though not mentioning that fact, were stockholders in the Eckhardt Company, as well as creditors thereof. The interventions filed in the matter of the opposition of the Iberia Company established the fact that a majority of the stockholders of the company (a number of whom were also creditors) were in favor of and sustained the action of the district court. Opponent insists that these stockholders were estopped from doing so by the fact that they had voted in the meeting of stockholders for placing the company in liquidation, and had also voted for the liquidators who had been selected. We do not think that contention well founded.

We have held that, where a person has given his consent to a certain order of a court, he cannot "appeal" from that order, for this results from an express textual provision of the Code of Practice (Code Prac. art. 567); but this is something very different from declaring that the giving of such consent would irrevocably commit the party to a continuance of the situation which resulted at once from the court's order, notwithstanding that subsequently conditions may have changed or be changing. Opponent urges that, the liquidators having been regularly selected by the vote of the stockholders, it would be wrong to displace them by a receiver. This argument would be much stronger if made by the stockholders or by the liquidators themselves, instead of being advanced by a creditor. No stockholder is before us complaining of the substitution of a receiver for the liquidators, and the evidence shows that the liquidators in this case solicited the change, and that opponent threatened to have a receiver appointed, and doubtless would have done so itself had it not been anticipated in the matter. It opposes the selection of Lawson as receiver on the ground that he was a stockholder, a creditor of the company, and the cashier of the Bank of Acadia, and that, acting for himself individually and for that bank, he had received moneys from the company which gave him and the bank an unlawful preference over it. We find that, having bought some lumber from the company, he was permitted by the liquidators to compensate his indebtedness to the company by that due to himself, and that the Bank of Acadia, of which Lawson was cashier, received in money a large partial payment to it in money from the liquidators. If there was anything censurable in those matters, the liquidators (whose retention in office would be the result of displacing the receiver) were the parties at fault. We do not find, however, that there was any intention on the part of the liquidators to injure the opponent or favor others at its expense, and we may say here, incidentally, that there is nothing in the record which would warrant the conclusion that the situation requiring the appointment of a receiver was the result of a conspiracy to wreck the company. We think the situation antedated the meeting of stockholders. We do not think the evidence establishes with any certainty that the compensation which the liquidators have permitted to be made, in the case of various stockholders who are creditors, of debts due to them, by crediting the amounts owed by them for purchases of lumber from the liquidators, will result in any loss therefrom to the opponent. It is shown that the situation is, and was such when the company went into liquidation, that the company could no longer go on with its business, but it is not shown that its outside creditors (that is, creditors who are not stockholders) cannot be, and will not be, paid. There remains still owned by the company a large amount of property, and there exist remedies at hand by which the effect of the compensation heretofore allowed to the stockholders who are creditors can be controlled and counteracted inside of the receivership.

Under the decision of this court in Standard Cotton Seed Co. v. Excelsior Ref. Co., 108 La. 74, 32 South. 221, it cannot be said that the payments made to the stockholders were per se absolutely wrong and illegal.

It was held by this court in the Case of McGilliard, hereinbefore referred to, that it is no good ground for not appointing a particular person receiver of a corporation simply because he is a stockholder and has an interest opposed to that of creditors; that these circumstances are not necessarily objections.

In the same case we quoted Hyde on Receivers, § 65 (3d Ed.), as saying that it may be asserted as a general rule that, to induce an appellate court to interfere with the decision of an inferior tribunal in the selection

of a receiver it is necessary to show some overwhelming objection, point of propriety, or some fatal objection upon principle in the person named.

We do not see such in the present case. In reaching our conclusions, it may be well to say that receivers can only act by direction of the court, while liquidators hold no official position, and act independently of judicial sanction.

We find no ground for reversing the action of the district court. Its judgment herein is therefore affirmed.