Statement of the Case.
NICHOLLS, J.
The plaintiff, in its petition, alleged that the defendant company was indebted to it in the sum of $414, with interest; that there were some judgments against the defendant, and other suits were filed against it upon alleged claims by some of the stockholders; that the board of directors of said corporation had declared by a resolution passed at a meeting of said board of directors, at which more than a quorum was present, that said corporation was unable to meet its obligations as they matured, and that in the opinion of said board of directors a receiver was necessary in order to preserve and administer the assets of said corporation for the benefit of all concerned, as was duly shown by a certified copy of the resolution of said board of directors, hereto annexed.
That, being a creditor of said Pelican Oil & Pipe Line Company, it had a legal right, when the board of directors had passed a resolution to the effect that the corporation was unable to meet its obligations as they mature, and that the appointment of a receiver was necessary to preserve and administer its assets, to cause said receiver to be appointed, in order to preserve the assets of said corporation, and administer the same to the best advantage, so that petitioner, with the other creditors of said corporation, might have the assets applied to thé pay- *147 meat of the just and legal obligations of said corporation, and prevent same from being dissipated or applied to the payment of fictitious claims in favor of some of its stockholders or other parties whom the officers of said corporation might desire to give preference over other creditors thereof.
In view of the premises petitioner prayed that the Pelican Oil & Pipe Line Company, through its proper officers, be duly cited to appear and answer hereto, and show cause, if any it have, within such time as may be fixed by your honorable court, why a receiver should not be appointed to take charge of the assets of said corporation, and administer the same under the direction of your honorable court; that, after the expiration of all legal delays and due proceedings had, that petitioner do' have.and recover judgment from the said Pelican Oil & Pipe Line Company, or from such person as might be appointed receiver in his capacity as receiver, in the full sum of $414.78, with 5 per cent, per annum interest thereon from and after January 1, 1904, until paid; and that a receiver be appointed to take charge of the assets of the Pelican Oil & Pipe Line Company, and administer the same under and by direction of your honorable court.
Petitioner further prayed for all costs of this action, for all necessary orders and decrees, and for full and general relief.
The petition was verified by the affidavit of Harry K. Midkiff, president of the plaintiff company. On consideration of said petition and affidavit the district judge granted, on the 10th of April, 1905, at chambers, an order that a rule issue requiring the defendant company to show cause, if any it had, on or before 10 days from date of the order, why a receiver should not be appointed to take charge of the assets of the company, in accordance with the prayer of plaintiff’s petition.
Annexed to and accompanying plaintiff’s petition was a paper certified to be a true and correct copy of the resolution adopted by the board of directors at Lake Charles April 7, 1905, as appeared in the company’s minute book. On the 19th of April, 1905, the defendant company answered through E. B. Cutting, its president, admitting that it was indebted to plaintiff, and consenting that judgment be rendered against it for said amount.
It also admitted in its answer that its board of directors had declared by a resolution duly passed at a meeting of the same, at which more than a quorum was present, that said corporation was unable to meet its obligations as they matured, and that in the opinion of said board of directors a receiver was necessary to preserve and administer its assets for the benefit of all concerned, and authorized your appearer, as president of said corporation, to consent to the appointment of such receiver in case a proper proceeding was instituted for same; and, acting under the authority of said board of directors as per resolution, a certified copy of which was annexed to plaintiff’s petition, the said Pelican Oil & Pipe Line Company, through its president, does hereby consent to the appointment of a receiver to take charge of its assets and affairs.
In view of the premises, defendant prayed that there be judgment appointing a receiver, and consented to such appointment, and also to the rendition of a judgment in favor of plaintiff for the sum of $414.78, prayed for, all necessary orders and decrees, and full and general relief.
On the same day — April 19, 1905 — the court read and signed, in open court, a judgment in favor of the plaintiff against defendant company for the amount claimed.
It further adjudged and decreed in said judgment that there was a necessity for a receiver to be appointed to take charge of all the property and assets of the defendant company and to administer said estate, and *148 for that purpose J. C. Germain, notary, was directed to take, with appraisers, a correct inventory of the property belonging to defendant, and to make due return thereof; the party to be appointed receiver to the defendant company to be designated and the amount of his bond to be fixed by the court later.
On the 25th of April an application was filed in the court on behalf of Jesse A. Savage, alleged to be president, and F. H. Morrical and W. A. Savage, alleged to be directors, of the defendant company, for a rehearing of the rule to show cause for the following reasons: First. That appearers are interested in this eduse, being stockholders, officers, and directors, as well as privileged creditors, of said company; that the judgment decreeing the appointment of a receiver was contrary to the law and the evidence; that the judgment was rendered before the legal delays for answering had expired; that there is no evidence that the defendant company had consented to said judgment, or waived delay for answering; that no meeting of its board of directors or stockholders was shown to have been held for the purpose of considering the advisability of .consenting to said judgment, or of making said waiver, or of authorizing any person to do so for the company, and that no person was . shown to have been authorized; that F. B. Cutting, either individually or as an officer of defendant, was not shown to have had authority to answer the prayer for the appointment of a receiver, or to consent thereto, and it was not shown that the appointment of a receiver was necessary, or that there existed any ordinary creditors, except the plaintiff, whose claim was for a small amount. Appearers further showed that they were interested in the affairs and assets of defendant company to the amount of nearly $40,000; that they had first learned of the alleged meeting of the board of directors since the rendition of the judgment herein, and that they had no knowledge of any of these proceedings herein until after the rendition of said judgment; that they were entitled to - said notice, and that the other officers and directors well knew their present address; that appearers were the largest creditors of defendant corporation, and that their claims were secured by mortgage upon the entire property of defendant, which property would not be sufficient to reimburse appearers for the amount due them; that there was no necessity for a receiver of said company, and that an appointment could only result in reducing the amount of security held by appearers to the amount of the fees of the receiver and his attorneys and the costs of the receivership proceedings; that appearers believe and allege that the only reason for the application for said appointment and the alleged consent was in order that the foreclosure proceeding instituted by appearers against said company entitled “Jesse S. Savage et als. v. Pelican Oil & Pipe Line Co.,” No. 5,661. on- the civil docket of your honorable court, might be defended at ,the expense of the property held as security by appearers, plaintiffs in said suit.
The prayer of the motion was that it might be filed and allowed; that the judgment theretofore rendered therein be set aside, and the case reopened for further proceedings and rehearing; that they be permitted to appear and oppose the appointment of a receiver for the defendant company; and for all orders necessary, and general and equitable relief.
The plaintiff on the next day (April 25, 1905) moved the court to strike from thé record and dismiss the motion for a rehearing which had been filed on behalf of J. S. Savage, I<\ Lí. Morrical, and W. A. Savage, for the reasons:
First. That they are not in any way parties to this litigation, and, judgment having *149 been rendered, read, and signed, it is now too late for an intervener to appear herein.
Second. That if any nullities exist in the proceedings leading np to the judgment herein, same cannot be attacked collaterally by a person who is not a party of record in the original suit.
Third. Plaintiff, being a creditor of said corporation, has a right to rely upon the acts of de facto officers and directors of said corporation, who are in charge of its affairs, in their respective capacities, and performing the function of said officers and directors.
Fourth. Said interveners cannot ingraft into this suit, which is an action upon an open account, the legality of a meeting .of the stockholders or the action of such stockholders, wherein the directors and officers of said corporation were chosen several months ago.
In view of the premises plaintiff prayed that the said motion for a rehearing filed on the part of Jesse S. Savage, F. H. Morrical, and W. A. Savage be dismissed and denied, for all necessary orders and decrees, and for full and general relief.
On April 27th this motion to strike out was sustained.
In the meantime, on April 25th, the inventory which had been made by Germain, notary, was filed, and the court, on suggestion to it of that fact, and of the necessity of appointing William Krielow, receiver, fixed his bond at $10,000. Krielow took the oath and furnished the bond as receiver.
On May 6th, J. S. Savage, F. H. Morrical, and W. A. Savage, on then* ai>plieation of that date by petition, were granted an appeal from the judgment of the court decreeing the necessity for the appointment of a receiver and appointing a receiver for the defendant company on giving bond for $500. The bond ordered was filed on the 6th of .May.
Plaintiff filed in the Supreme Court a motion to dismiss the appeal on the grounds:
First. That judgment, being a confession, could not be appealed from.
Second. The judgment decreeing the necessity of a receiver having been rendered more than 10 days previous to the filing of the petition for an appeal, it came too late.
On Motion to Dismiss.
Appellants’ answer to the first ground assigned for dismissal is that it was taken under the provisions of a special statute (Act No. 159, p. 312, of 1898); that paragraph 8 of section 1 contemplates a sort of confession on the part of the, corporation, and it was under the provision of that paragraph that the receivership suit was prosecuted. Section 4 (page 314) provides for an appeal by interested parties notwithstanding the receiver was appointed under confession as provided for in paragraph 8. The matter is controlled by the statute, and not by the general rules of practice.
We think the first ground for dismissal is successfully met by the position taken by appellants.
We think that they are also correct when they claim that their appeal, taken within 10 days from the entry of the order appointing the receivership, was in time.
We do not think the law contemplated that two distinct judgments should be rendered on the application made for a receiver, one recognizing the necessity for such appointment and one making the appointment. The first was not strictly a judgment; it was a mere conclusion of the court, furnishing the reason for the real judgment or decree rendered in the case. The first and second action of the court must be taken together as one single act, the latter being the judgment from which the appeal should be taken.
The motion to dismiss is denied, and the appeal is maintained.
*150 On the Merits.
Appellants complain that there was no authority conferred upon its president to confess judgment on the moneyed claim declared on by the plaintiff, and yet he made a full and complete confession in favor of the plaintiff. Appellants did not appeal from that portion of the judgment now referred to. Their appeal was expressly limited to the judgment recognizing the necessity of a receiver and the appointment of the same. The amount of plaintiff’s claim was such that, had an appeal been taken from it, it would not have been taken to the Supreme Court. The eighth paragraph of section 1 of the act under which the proceeding was taken does not require the applicant to be a judgment ■creditor. Appellants admit that plaintiff was a creditor, though for a small amount. They complain of the refusal of the court to permit them to intervene in the proceeding, reopen the case, and resist plaintiff’s application, and in striking out their application.
We do not think the court erred. In the Blatter of the Eckhardt Manufacturing Co., 114 La. 119, 38 South. 78, we held that creditors were not entitled to a notice of the application for a receiver, and before the court •should take action upon it; that their interests were safeguarded by the remedies afforded to them after the order. We see no reason to change our views on that subject. It is evident that the lawmaker intended through the statute to provide a very prompt and summary remedy looking to the appointment of receivers on proper application. It was evidently designed to cut off dilatory exceptions and objections, and interventions in the proceedings prior to the action of the court in acting on the application to authorize judicial action first, and allow ■objections afterwards. The Legislature was obviously of the opinion that applications for a receiver were usually made in view of a condition of things such as would require immediate remedy if true, and that the object in view of administering property in behalf of all the parties interested therein "would be defeated were obstacles allowed to be thrown in the way of the promptest action. It was deemed sufficient for the purpose of the protection of rights of other parties that in the event of subsequent opposition the power of the receiver appointed would be ipso facto restricted to “such administrative acts as might be necessary for the preservation of the property.”
The particular party entitled to immediate original protection, in the view of the Legislature, was the corporation itself, which was sought to be shorn of its power and authority over its assets. To it was accorded time to prepare defense and to resist the attack made on it. It was in the interest -of_ the corporation itself that the statute required that the court should, before taking action on plaintiff’s application, require it to show cause on a day fixed, not less than 10 days from the date of the order. Had the corporation urged in this court the complaint contended for that the rule to show cause was acted on in less than 10 days, plaintiff would have to meet an objection not easily repelled; but it has no special force when presented by other parties. The moment a given time within which adverse action could not be taken against it was fixed, the corporation had control of the legal situation, for, unless it thought proper so to do, matters were stayed to the outer date named. If it elected to answer more promptly, the delay enacted in its favor would be waived. It might be, in the interest of the corporation and the mass of its stockholders, that the time given should be reduced. It was for it to decide if we be correct in holding that interventions would not be permitted to any one other than the corporation. No one but it would have particular motive in seeking to have the additional time insisted upon. It is contended that there was no evidence adduced to show *151 the necessity of a receiver, but the statute itself makes the adoption of the resolution referred to by the board of directors evidence, at least prima facie, of that fact.
Appellants raise several objections based upon matters in pais which would require for solution the introduction of evidence. Such objections cannot be disposed of on an appeal. They would have to be urged on an application made to the court to vacate the order made by it. Of this character is the complaint made that the action of the board of directors upon which the order of the court was predicated was subject to attack and voidable. Its action must be taken to be legal until set aside by direct attack. We may say, incidentally, that it is our present impression that the exercise of the right given to third parties to appeal on the face of the record does not impair the right of the same parties to apply for a vacation of the order if taken within the delay fixed by law.
Appellants have not presented to us a case such as would warrant us on an appeal, on the face of the record, in setting aside the order. Their demand to that effect is denied, with costs of appeal.