(64 South. 827.)

No. 20,225.

VASQUEZ v. METROPOLITAN BLDG. CO.

(March 16, 1914.)

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 557*)—APPOINTMENT OF RECEIVER—VACATION—GROUNDS.

An appointment of a receiver under Act No. 159 of 1898 will be vacated, when made on the same day the petition of the plaintiff was filed, on the unauthorized answer and confession of the president of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. § 557.*]

2. CORPORATIONS (§ 557*)—APPOINTMENT OF RECEIVER—VACATION—GROUNDS.

Such an appointment will be vacated for the additional reasons that the petition of the creditor contained no prayer for a rule on the defendant to show cause why a receiver should not be appointed, and no such rule was ordered to issue by the judge as required by section 2 of Act No. 159 of 1898, and the instanter order of appointment does not disclose a case of emergency as required by section 8 of said statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. § 557.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Acting Judge.

Action by Paul Vasquez against the Metropolitan Building Company. From an order appointing a receiver, Benjamin C. Rea appeals. Reversed and remanded.

McCloskey & Benedict, of New Orleans, for appellant. Louis Randolph Hoover, of New Orleans, for appellee Davis, Receiver of Metropolitan Bldg. Co.

LAND, J. On August 28, 1913, the following proceedings were had in the court below:

Paul Vasquez filed a petition alleging that he was a creditor of the defendant company in the sum of $232.41, balance due for materials furnished and labor performed; that the said company was unable to meet its obligations as they matured, and that an appointment of a receiver was necessary, as shown by a resolution of the board of directors of the aforesaid company, of date August 27, 1913, annexed to the petition; that the petitioner recommended and desired the appointment of Albert D. Davis as receiver.

The prayer of the petition was that Albert D. Davis be appointed receiver, and, on qualifying, be authorized to take possession of the property of the corporation, and administer the same according to law, and as ordered by the court, and that an inventory of the property of the company be taken by F. C. Marx, notary, with the assistance of —— and —— appraisers, appointed by the court, and for general and equitable relief.

The petition contained no prayer for the citation of, or rule on, the defendant company, or for judgment on the money demand. The resolution annexed to the petition reads as follows:

"That the company was unable to meet its obligations as they matured. That the appointment of a receiver was necessary to preserve and administer its assets for the benefit of all concerned.

"That the board of directors recommend and desire the appointment of Albert D. Davis, as receiver; he being a civil engineer, and competent to carry out the unfinished contracts of the company.

"There being no further business, the meeting was adjourned."

The answer to the petition was filed on August 28, 1913, and reads as follows:

"And now into this honorable court" in propria persona "comes J. C. Diboll, president of the Metropolitan Building Company, defendant herein, and by virtue of the resolution adopted by the board of directors of said company on the 27th day of August, 1913, a duly authenticated copy of which is annexed to the petition in this case, joins in the prayer of the said petition.

"Wherefore appearer prays that judgment may be rendered as prayed for in said petition.
                    "[Signed]  J. C. Diboll."

On the same day the judge below rendered judgment as follows, to wit:

"Considering the resolution adopted by the board of directors of the defendant corporation, the written consent of its president, and the allegations of the foregoing petition, the law and the evidence being in favor of the plaintiff, for the reasons this day orally assigned,

"It is ordered, adjudged, and decreed that Albert D. Davis be appointed receiver of the Metropolitan Building Company, and that letters as such issue to him, upon his furnishing bond with good and solvent surety, in the sum of five thousand dollars, and taking oath according to law, such bond to be hereafter increased should the court deem it necessary, and said receiver to have full power and dispose of the property and income of said corporation in such manner as the court shall direct.

"It is further ordered that an inventory of the property of the said corporation be taken by F. C. Marx, notary public, of this city, and that T. C. W. Ellis and John Sbisa be appointed and sworn as appraisers to value the property to be inventoried."

On the same day Albert D. Davis gave bond, took the oath, and received letters as receiver.

On September 3, 1913, Benjamin C. Rea, representing that he was a creditor of the defendant company in the sum of $2,500, represented by its mortgage note, and that he was aggrieved by the judgment appointing Albert D. Davis as receiver, petitioned for and was granted an appeal from said judgment, which was perfected by the execution and filing of a proper bond in the sum fixed by the court.

[1, 2] The contentions of the appellant are thus summed up in his brief:

"We submit, therefore, that there never was a main proceeding upon which the ancillary proceeding could be founded; that no citation never issued to the defendant; that the defendant never came into the court; that its president had no authority to attempt to bring it in; and the provisions of the receivership act were absolutely ignored."

The president of the company had no authority to appear for the defendant corporation outside of the said resolution, which conferred no mandate on him.

In a similar case this court said:

"The record discloses no authority in the president to consent to the appointment of a receiver, and he had none ex officio. See 23 Am. & Eng. Enc. Law (2d Ed.) 1022. There was no citation to the corporation, and, if the president was without authority, the proceedings were ex parte."

See Saxon v. Brick Co., 113 La. 640, 642, 37 South. 540.

In the same case it was held that the appointment of a receiver was an ancillary proceeding in a pending suit brought to obtain some other relief which the court has jurisdiction to grant.

Counsel for the receiver cite Oil City Iron Works v. Pelican Oil & Pipe Line Co., 115 La. 265, 38 South. 987. In that case, however, the petition of the creditor was in due form, and concluded with a prayer for citation and judgment. The judge ordered that a rule issue requiring the defendant company to show cause, if any it had, on or before ten days from the date of the order, why a receiver should not be appointed as prayed for. Nine days later the defendant company answered through its president, admitting that it was indebted unto the plaintiff, and consenting that judgment should be rendered against it for that amount. Further answering, the defendant, among other things, averred that by resolution of the board of directors its president was authorized to consent to the appointment of a receiver in case

a proper proceeding was instituted for the same. The resolution is not set forth in the statement of the case.

Counsel for the receiver also cite the Eckhardt Case, 114 La. 119, 38 South. 78. In that case the plaintiff prayed that the defendant company be duly cited to show cause why a receiver should not be appointed. On the next day the company answered through its vice president, who was authorized by resolution of the board of directors to consent to the appointment of a receiver. The stockholders of the company had previously met and resolved on a liquidation of its affairs under its charter provisions. The plaintiffs had presented a petition in due form for the appointment of a receiver, and the voluntary appearance of the corporation could not affect their right to the relief prayed for. Other parties in interest moved to set aside the order of appointment on various grounds; one of them being that they had not been given an opportunity to be heard. The court answered that the law gave them an opportunity to contest the order after it was made, either by appeal, or by motion to vacate the order.

Section 2 of Act No. 159 of 1898, p. 313, provides that the petition for a receiver shall be presented to the court, which—

"shall cause a copy of the petition together with an order to be served on the corporation requiring it to show cause on a day fixed (not less than ten days from the date of such order, unless circumstances shown require in the judgment of the court a shorter delay) and such application shall be heard and determined by the court in a summary manner in term time or vacation, and without the intervention of the jury."

Such an order of court is a prerequisite to the citation of the defendant. The law provides for no other mode of citation. A petition for the appointment of a receiver, without the statutory order of court, is an inchoate pleading, which can produce no legal effect, either as to the defendant, or other parties in interest. The statutory order of court is really the commencement of the receivership proceedings. Section 8 of the said act requires all petitions, motions, rules, etc., to be entered on the order book, and concludes as follows:

"No order shall be granted by the court until ten days after entry of such notice in the order books, except an order to show cause, or when circumstances in the opinion of the court require otherwise, and same is so stated in the order or decree."

In the case at bar no such circumstances are shown or stated in the order of the court. In the absence of such circumstances, no order can be granted in a receivership until ten days after the entry of the notice required under said section, except an order to show cause.

We are of opinion that the above provisions of the statute should be strictly construed and enforced.

We sum up the defects in the proceedings below as follows:

(1) The petition does not pray for citation, or rule on defendant, or for judgment against the defendant, or against the receiver, if appointed. For form of petition and order, see Oil City Works v. Pelican & Pipe Line Co., 115 La. 267, 38 South. 987.

(2) The court issued no rule to show cause as required by section 2 of Act 159 of 1898.

(3) The president is not shown to have been authorized to answer and confess judgment.

(4) The order appointing a receiver violated section 8 of said act, as it does not show a case of emergency for the instanter appointment of a receiver.

In Saxon v. Brick Co., 113 La. 642, 37 South. 540, the court remanded the case, and we follow that precedent.

It is therefore ordered that judgment below, appointing a receiver, be annulled, avoided, and reversed, and it is now ordered that this cause be remanded, with leave to amend the pleadings, and for further proceedings according to law; costs below, up to and includ-

ing the appointment of the receiver, to be paid by the plaintiff, and costs of appeal by the appellees.

PROVOSTY, J., absent on account of illness, takes no part.