On the Merits.
MONROE, C. J.
On December 8, 1913, plaintiff brought suit against defendant for $150.97, as the price of goods sold and delivered. On December 9, defendant, appearing through George F. Schminke, its president, filed an answer, reading in part, as follows:
“That the petition and citation herein have been submitted to the board of directors; * * * that they have passed a resolution admitting said claim to be correct and past due. They aver that the defendant corporation is solvent and able to settle its just, true, and un *564 disputed claims, if given the time and opportunity to do so; that, owing to suits already filed * * * its credit has been temporarily impaired, and it is temporarily unable to meet its_ * * * obligations as they mature, and that it is necessary, in order to preserve and administer the assets of the corporation, for the appointment of a receiver to conduct the said business * * * and the said hoard of directors has accordingly consented to the appointment of a receiver, all of which will more fully appear from a certified copy of the resolution, * * * annexed and made part hereof. * * * Wherefore respondent submits the entire matter to the judgment of this court, and asks that a receiver be appointed to preserve and administer defendant’s assets and to continue the conduct of the business of the National * * * Company, as a going concern, for the benefit of all concerned,” etc.
The resolution referred to in the foregoing pleading contains a preamble to the effect that the Hunter Ean & Motor Company has sued defendant, and that defendant has answered “disclaiming” liability; that the filing of the suit has injured its credit, and has resulted in the filing of another suit, for $150.97, which has been followed by still other suits; that, beyond the claim of the Hunter Ean & Motor Company, defendant is solvent, and able to meet its just obligations, if granted time and opportunity to do so, and to that end a receiver is necessary.
And the board then “resolves” that the president be directed to file an answer in this suit, and “to admit the correctness of the claim sued upon, and that, if granted time and opportunity, this company will satisfy all its creditors, and, further, that, in the opinion of the board, a receiver is necessary,” etc.
The answer was sworn to by the president of the company, and, upon the representations therein made, with the resolution annexed, and upon the day of the filing of the same, the judge a quo made an order appointing George F. Schminke receiver of the company, with power to administer its business, as a going concern, and to continue such administration until a further order shall be made, directing that he furnish bond in the sum of $2,500; that an inventory be made of the assets of the company, etc. The appointee filed his bond and received his letters upon the same day, and two days later, was authorized to employ attorneys. On the following day (December 12th) C. C. Socola intervened, alleging that he is a stockholder, vice president, and creditor of the company, further alleging that the proceedings leading to the appointment of Schminke were in furtherance of a concocted scheme to give him the control of the company; that the action of the board of directors took intervener by surprise and was protested against; that the order appointing the receiver was unauthorized and void; that, even if a-receiver be necessary, “Schminke is absolutely incapable and not a fit or proper person to be so appointed” (for reasons which are stated), and that he should be restrained from acting until the further order of court. Wherefore he prayed that said Schminke be ordered to show cause why the order appointing him should not be vacated and the administration of the affairs of the company restored to the board of directors, or, in the alternative, why said Schminke should not be removed, and intervener, or some other responsible person, appointed in his stead. Plaintiff (the Western Electric Company) also appeared and moved the court (for reasons stated) to vacate the appointment of the receiver and permit it to proceed with its suit, or, in the alternative, appoint some other person to the position, and thereafter, on December 16th, the Rome Wire Company, alleging itself to be a creditor of the defendant company, took the appeal, which we are now considering, from the order appointing the receiver.
[2] We have no further information upon the subject of appellant’s alleged acquiescence in the appointment of the receiver than that furnished in connection with the motion to dismiss the appeal, and our conclusion is *566 that appellant’s consent to such appointment was given through a misapprehension, and that it was entitled to withdraw the consent and take the appeal as it has done. Upon the merits of the case, we find no authority for the appointment of a receiver under the circumstances which are here disclosed. The matter is governed by Act 159 of 1898, and there is nothing in that act which confers upon the board of directors of a corporation thé authority, to provoke or upon the courts to make such appointment, at the instance of the board of directors. The only authority which-a board of directors possesses in such matters is to declare, “by resolution, that the corporation is unable to meet its obligations, -as they mature, and, that a receiver is necessary to preserve and administer its assets for the benefit of all,” in which case, “at the instance of a creditor,” whether the resolution be adopted before or after the filing of his petition, a receiver may be appointed. The application for the appointment must however be made by petition, verified by the affidavit of the creditor, or his attorney, and a copy of the petition must be served on the corporation, together with the order of court requiring it to show cause, on a day fixéd, and the delay shall not be less than 10 days from the date of the order, unless circumstances, shown in the judgment of the court, require a shorter delay. Act 159 of 1898, §§ 1, 8, 2; Saxon v. S. W. Brick & Tile Co., 113 La. 640, 37 South. 540; Vasquez v. Building Co., 134 La. 907, 64 South. 827.
_ [3] In Bartlett v. Fourton, 115 La. 34, 38 South. 882, this court quoted, with approval, from High on Receivers (3d Ed.) § 289, as follows:
“When the jurisdiction of courts of equity has been extended by legislation to the appointment of receivers over incorporated companies, the power thus conferred is treated by the courts as delegated authority,’ the exercise of which requires the most careful consideration. The effect of appointing a receiver being to take the property of the corporation out of the control of its own officers, to whom it has been intrusted by its stockholders, the courts proceed with extreme caution in the exercise of so summary a power, and, in construing such statutes, they are inclined to give them a strict construction, and require the prescribed method of obtaining jurisdiction of the person and subject-matter to be strictly followed.”
In the instant case, there has been a. wide departure from the requirements of the statute, and the appointment of the receiver must be set aside.
It is therefore adjudged and decreed that the order and judgment appealed from be set aside, that the letters of receivership issued to George F. Schminke be canceled, and that the stockholders and board of directors of the defendant corporation be reinstated in the control and management of its affairs. It is further decreed that said George F. Schminke- pay the costs of this proceeding.