(77 South. 125)

No. 22818.

HART LAND & IMPROVEMENT CO. et al. v. ODD FELLOWS HALL ASS'N.

(Nov. 26, 1917.)

*(Syllabus by Editorial Staff.)*

1. CORPORATIONS ☞610(1) — LIQUIDATION OF CORPORATION'S AFFAIRS—PROCEDURE.

A corporation organized to give aid and relief according to the usages and customs of a fraternal order, and to build and manage a hall for the use of such order, its members and lodges, had never carried out its purpose to give aid and relief, and did not intend to. The hall erected by it had become dilapidated and been torn down, and it did not have sufficient funds available to construct another hall, and had no idea of doing so. A considerable portion of its stock was held by unknown persons, and a considerable part of the outstanding stock consisted of an illegal and void overissue not distinguishable from the legal issue. *Held,* that it was necessary to liquidate the corporation, and being impracticable to do so under Act No. 267 of 1914, §§ 28, 30, authorizing liquidation by a vote of two-thirds of the stockholders at a meeting held after due notice to each stockholder, an application to the court for liquidation through a receivership was warranted by Act No. 159 of 1898, § 1, subd. 3, providing that a receiver may be appointed at the instance of any stockholder when the property of the corporation is abandoned.

2. CORPORATIONS ☞419, 507(5) — ACTIONS — SERVICE OF PROCESS—POWERS OF PRESIDENT.

Where the board of directors of a corporation adopted a resolution that the affairs of the corporation be liquidated and terminated, and an application for a receivership was then made, it being asked that the corporation be cited through its president, the conduct of the president in accepting service of the citation and waiving legal delays and submitting the matter to the court, though not expressly authorized by the board of directors, was within the spirit of the resolution adopted by the directors.

3. JUDICIAL SALES ☞47—DEFECTS—COLLATERAL ATTACK.

Where proceedings for the liquidation of a corporation were for all practical purposes conducted contradictorily with the corporation, and the court had jurisdiction to order a sale of the corporation's property, such order was a protection to the person to whom the property was adjudicated against irregularities in the proceedings.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Proceeding by the Hart Land & Improvement Company and others for the liquidation of the Odd Fellows Hall Association. From a judgment ordering Adolph Dumser, purchaser at a judicial sale, to take title, he appeals. Affirmed.

Eugene J. McGivney, of New Orleans, for appellant Adolph Dumser. Buck, Walshe & Buck, of New Orleans, for appellees.

PROVOSTY, J. Certain stockholders of the defendant corporation applied to the

court for the appointment of a receiver to take charge of its affairs, liquidate same, and distribute the assets. The appointment was made, and, in due course, the real estate, consisting of certain vacant city lots, was adjudicated at public auction. The adjudicatee, fearing the receivership proceedings might be invalid, refused to accept title, and has appealed from a judgment ordering him to do so.

The corporation owes no debts. Its assets consist of said lots and cash in bank. The charter makes no provision for liquidation. The adjudicatee contends that, under these circumstances, the only legal mode in which its property could be sold for liquidation would be as provided in sections 28 and 30 of Act 267 of 1914, namely, that by a vote of the stockholders the corporation be dissolved, and a liquidator be elected to liquidate its affairs and sell its property.

The receiver recognizes that this would have been the regular mode if, under the circumstances of the case, same had been practicable, but contends that it was not practicable; and that, such being the case, the only alternative was to resort to the court in the manner that was done.

The reason why this legal mode is said to have been impracticable is that by it a vote of two-thirds of the stockholders at a meeting held after due notice mailed to each stockholder is required, and that the holding of this meeting was impossible in the present case because a considerable portion of the stock was held by persons unknown, and a considerable part of the outstanding stock consisted of an illegal and void overissue now undistinguishable from the legal issue.

The evidence so establishes and also shows that a liquidation is necessary.

The objects and purposes of the organization are stated in the notarial act of incorporation as follows:

"The aid and relief of widows, orphans and distressed persons, according to the usages and customs of the Independent Order of Odd Fellows; and the building, furnishing, management and preservation of a hall to be principally appropriated to the use and meetings of the members and lodges of said order."

Its capital stock was fixed at $100,000, to be represented by 10,000 shares of $10 each.

The association acquired the lots in question soon after its organization in 1849, and erected thereon a hall as contemplated in the charter, and from that time used this hall for the purposes named in the charter, and also rented it for public meetings, balls, etc., until recently when, rather than incur the heavy expense of ratproofing it, and it being more or less dilapidated, the board of directors caused it to be demolished, and sold the débris. The funds now available are entirely insufficient to construct another hall, and no one has any idea of doing so. The other object mentioned in the charter—"the aid of widows," etc.—does not seem to have ever had any attention, and no one has any idea of carrying it out. Therefore the board of directors adopted the following resolution:

"Be it resolved that it is the sense of the board of directors of the Odd Fellows Hall Association that a due regard for the interests of the stockholders make a liquidation of the affairs of the association advisable, and do hereby determine that the affairs of this association be liquidated and terminated."

Thereupon the application for the receivership was made; the corporation being asked to be cited through its president.

[1] We agree with the receiver that, under these circumstances, a liquidation was obviously necessary, and that the mode provided for in said act of 1914 was impracticable, and that the only alternative was to have recourse to the court as was done. Either that or else an indefinite continuation of the anomalous situation.

The case comes, we think, under section 1, subd. 3, of the Receivership Act, No. 159 of 1898, which provides that a receiver may be appointed—

"at the instance of any stockholder * * * when the property of the corporation is abandoned."

While the property in this case has not been exactly abandoned, it is in a condition where nothing can be done with it except to sell it and distribute its proceeds. The reason which makes the appointment of a receiver necessary in the case of abandoned property applies therefore with equal force to it. Those of the stockholders who are known, and they constitute a majority of the legal stock, are surely not to be left indefinitely in co-ownership of property with which they can do nothing.

[2] The adjudicatee also urges certain alleged irregularities in the proceedings; that the citation was not served on the president of the corporation, but that he accepted service thereof without having been authorized by the board of directors so to do; that, in like manner without authority, he waived legal delays, and submitted the matter to the court; that this was done on the same day on which the petition was filed; that the appointment of the receiver was made on the same day; that two of the petitioners, appearing in their capacity of president of lodges of Odd Fellows, holders of stock, had not been authorized by their lodges to institute the suit, and for showing the gravity of these alleged irregularities he cites the cases of State v. Citizens' Savings Bank, 31 La. Ann. 836, and Vasquez v. Met. Bldg. Ass'n, 134 La. 910, 64 South. 827. But these were appeals from the order appointing the receiver. In the instant case no such appeal was taken; but the attack is sought to be made collaterally on the order by a person not a party to the suit in which the order was made.

The conduct of the president may not have fallen within the letter of the resolution of the board of directors hereinabove transcribed, but was evidently within the spirit of it. The intent of this resolution was that the liquidation be had as expeditiously and in-

expensively as possible in whatever mode the law might authorize, and the acceptance of service of citation, and waiver of legal delays, and submission of the matter to the court, was evidently in line with this intent.

[3] As to the other alleged irregularities, the order of the court ordering the sale to be made is a protection to the adjudicatee, since we have found that the court had jurisdiction to make it, and that the proceedings were, for all practical purposes, conducted contradictorily with the corporation.

Judgment affirmed.