(64 South. 289.)

No. 19,796.

KERLIN v. BRYCELAND LUMBER CO., Limited.

(Jan. 5, 1914. Rehearing Denied Feb. 2, 1914.)

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 553*)—APPOINTMENT OF RECEIVER—APPLICATION BY STOCKHOLDER—CONDITION PRECEDENT.

A stockholder may apply for the appointment of a receiver to a corporation when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging, or by committing acts ultra vires, or by wasting, misusing, or by misapplying the funds of the corporation. Section 1, par. 2, Act No. 159 of 1898, p. 312; Van

Vleet v. Evangeline Oil Co., 127 La. 919, 54 South. 286; s. c., 129 La. 406, 56 South. 343.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

2. CORPORATIONS (§ 554*)—APPOINTMENT OF RECEIVER—APPLICATION BY STOCKHOLDER—CONDITION PRECEDENT.

It is unnecessary for a stockholder to make a principal demand against a corporation in order to maintain an action for the appointment of a receiver to that corporation. Van Vleet v. Evangeline Oil Co., 127 La. 919, 54 South. 286. It is different with an alleged creditor. Saxon v. S. W. Brick Co., 113 La. 637, 37 South. 540; Arent v. Liquidating Commissioners, 133 La. 134, 62 South. 602.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2220; Dec. Dig. § 554.*]

Provosty, J., dissenting.

*(Additional Syllabus by Editorial Staff.)*

3. APPEAL AND ERROR (§ 339*)—TIME FOR APPEAL—APPOINTMENT OF RECEIVER.

Acts No. 106 of 1908, which is a general statute fixing the return day in the order granting an appeal at not less than 15 or more than 60 days from the date of the order except by consent, does not apply to appeals from orders appointing receivers; such appeals being governed by Act No. 159 of 1898, § 4, providing that the "appeal shall be returnable in ten days from the date of such order."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1883–1887; Dec. Dig. § 339.*]

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Special Judge.

Action by T. J. Kerlin against the Bryceland Lumber Company, Limited. From judgment for defendant, plaintiff appeals. Reversed.

Wimberly, Reeves & Dormon, of Shreveport, for appellant. Barksdale & Barksdale, of Ruston, and Roberts, Goff & Barnette, of Arcadia, for appellee.

On Motion to Dismiss.

SOMMERVILLE, J. [3] Defendant, appellee, moves to dismiss the appeal on the ground that it was not made returnable to the Supreme Court under Act No. 106 of 1908, p. 163, which is a general statute fixing the return day in the order granting the appeal

to be not less than 15 or more than 60 days from the date of the order, except by consent of parties.

This general law is without application to appeals from orders appointing receivers, which is governed by a special statute, contained in section 4 of Act No. 159 of 1898, p. 312, wherein it is directed that "such appeal shall be returnable in ten days from the date of such order," etc.

The motion is overruled.

## On the Merits.

Plaintiff alleging himself, together with F. K. Goodrich and E. M. McDarris, to be the sole and true owners of all of the stock of the defendant corporation; that said Goodrich and McDarris have fraudulently transferred a few shares of their stock to S. Beckner and W. L. Hammer; that the parties named have been made officers of said corporation, and that they are converting the assets of said corporation to the use of said Goodrich and McDarris; that the proceeds of lumber sold by defendant is misappropriated and misapplied, and used for the benefit of F. A. Goodrich and a sawmill company, with which the latter is said to be connected; and that they are grossly mismanaging the business of said corporation by committing acts ultra vires, and by waste, misusage, and misapplying the property and funds of the corporation. Petitioner then proceeds to specialize and particularize the misuse and misapplication of property and funds, by charging that the officers of said company "have caused to be recorded a mortgage in Book N of Mortgages of Bienville parish, as recorded on page 620 et seq., for the sum of $144,517.12, a copy of said mortgage being attached to this petition"; that said pretended mortgage is fraudulent and without foundation or consideration; that no part of said sum is due, or ever was due. He further alleges that said F. A. Goodrich has appro-

priated at least $50,000 in money belonging to defendant to his own use; and that he has taken the assets of the company and used them for his benefit. Plaintiff then asks that defendant company be ordered to show cause, if any it can, why one or more receivers should not be appointed to take charge of its assets, property, and affairs.

Defendant filed an exception of no cause of action, which was sustained, and plaintiff appeals.

Plaintiff's petition is a long one and contains many charges of mismanagement of the business of the defendant company, as well as the commission of acts ultra vires of the board of directors, and of wasting, misusing, and misapplying the funds of the corporation.

Defendant argues, in support of its exception, that no specific acts are charged against the defendant company or its board of directors, and that plaintiff makes no principal demand in connection with his application for the appointment of a receiver.

[1, 2] The statement heretofore made in this opinion shows two specific acts of gross mismanagement of the business and misapplication of the funds of the corporation. Under section 1, par. 2, of Act No. 159 of 1898, p. 312, it is provided that the district courts of the state are empowered to appoint receivers to take charge of the business of corporations domiciled in this state, and of the property of foreign corporations actually located within, "at the instance of any stockholder or creditor, when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business, or by committing acts ultra vires, or by wasting, misusing, or misapplying the property or funds of the corporation."

In the case of Van Vleet v. Evangeline Oil Co., 127 La. 919, 54 South. 286, where a stockholder was applying for the appointment of a receiver, we say:

"In our opinion, a stockholder may sue the corporation in which he owns stock without alleging a principal demand. Statutory requirement to a suit by a stockholder does not include a principal demand. In other words, an ancillary demand will suffice without a 'principal demand.'

"Generally it is not certain that one who claims to be a creditor is a creditor before he has recovered judgment. He may not have the least right against the corporation. He may be a mere intruder if he has no principal demand. Saxon v. Southwestern Brick & Tiling Mfg. Co., 113 La. 637, 37 South. 540.

"It is different, however, when a stockholder is about to lose his own through the illegal and fraudulent mismanagement of a board.

"A stockholder is interested to the extent of his shares. A certificate of stock entitles him to a hearing."

The jurisprudence is different with reference to an alleged creditor. He must make a principal demand. Arent v. Liquidating Commissioners, 133 La. 134, 62 South. 602.

The judgment appealed from is annulled, avoided, and reversed; it is further ordered, adjudged, and decreed that an order issue directing the defendant company to show cause, if any it can, at such time and place as may be fixed by the district court, why one or more receivers should not be appointed to take charge of the assets, property, and affairs of the said company as prayed for by plaintiff; defendant to pay costs of this appeal.

PROVOSTY, J., dissents.