(68 South. 421)

No. 20820.

## PEARSON v. LEVY CARPET CO., Limited.

·(April 12, 1915. Rehearing Denied May 10, 1915.)

*(Syllabus by Editorial Staff.)*

.PLEADING ☞279—SUPPLEMENTAL PLEADING—CONDITION OF CAUSE.

Where a receiver was appointed for an insolvent corporation with its consent, the petition being fatally defective because of failure of the petitioning creditor to pray for recognition as such, and for the citation of the corporation, and the answer being defective because the secretary-treasurer of the defendant corporation did not allege in his consenting answer that he had been authorized by the directors to make appearance and ·waive citation and delays in its behalf, such omissions were not supplied, and the irregularities cured, by the filing, on the same day on which a suspensive appeal was granted from the appointment of the receiver and a bond filed perfecting it, ·of a supplemental petition containing such necessary allegations and prayers, and of a certified copy of a resolution of the board of directors authorizing the secretary-treasurer to sign an order waiving delays, since amendments after judgment may not supply a prayer for relief ·omitted; the proper course being to set aside the invalid order and obtain one predicated on proper proceedings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. ☞279.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Acting Judge.

Petition for receivership by Edward Pearson against the Levy Carpet Company, Limited. From an order appointing a receiver, creditors of the corporation appeal. Order set aside, and case remanded.

Claude L. Johnson, Ernest T. Florance, and Frank E. Rainold, all of New Orleans, for appellants. Sol. Weiss, of New Orleans, for appellee.

PROVOSTY, J. Edward Pearson, the plaintiff in this case, filed a petition asking for the appointment of a receiver to the defendant corporation. He alleged himself to be a creditor of the corporation, but did not pray to be recognized as such nor for judgment for the amount alleged to be due him. He alleged that several judgments had been rendered against the corporation, the execution of which would prejudice the other creditors of the corporation; that he believed the corporation to be insolvent; that its board of directors had adopted a resolution to the effect that:

"In view of the fact that three judgments have been rendered against the company and other suits pending, and in view of the general depression of the business and that the company is unable to meet its matured and maturing obligations, a receiver should be appointed."

He annexed this resolution to his petition, and prayed that Aaron Davis be appointed receiver, that a notary and appraisers be appointed to make an inventory, and that thereafter the amount of the bond to be given by the receiver be fixed.

The petition was verified by affidavit.

Along with this petition there was filed an answer, which reads:

"Now into court comes the Levy Carpet Company, Ltd., appearing through D. M. Haspel,

secretary-treasury, and, in answer to the petition herein filed, admits articulately the allegations therein contained. Defendant further consents to the appointment of a receiver as prayed, and furthermore waives citation and all legal delays and consents to the said appointment forthwith."

This answer was sworn to by the secretary-treasurer.

The court, on the face of these papers, and on the same day, appointed Aaron Davis receiver, and fixed at $5,000 the amount of the bond to be given by him.

On the next day, letters of receivership issued to Aaron Davis, and two days thereafter he filed his bond. Three days thereafter, several creditors obtained an order for a suspensive appeal from this order.

The grounds upon which the appellants intended to rely, and upon which they now rely, to set aside this order, are that Edward Pearson did not pray in his said petition to be recognized as a creditor, and did not pray for the citation of the corporation; and that the secretary-treasurer did not allege in his said answer that he had been authorized by the board of directors of the corporation to make the said appearance and waivers in its behalf.

The appellees concede that because of the said omissions the proceedings were fatally irregular (Vasquez v. Metropolitan Building Co., 134 La. 907, 64 South. 827; Saxon v. Southwestern Brick & Tile Co., 113 La. 637, 37 South. 540), but contend that the omissions were supplied, and the irregularities cured, by the timely filing of a supplemental petition containing these necessary allegations and prayers, and of a certified copy of a resolution of the board of directors of the corporation authorizing the secretary-treasurer "to sign an answer waiving legal delays."

137 La.—8

The two said resolutions of the board of directors—that announcing the inability of the corporation to meet its obligations and declaring the necessity of the appointment of a receiver, and that authorizing the secretary-treasurer "to sign an answer waiving legal delays"—bear the same date, July 23, 1914. The petition of Edward Pearson was filed on the next day, July 24th. The supplemental petition, with the annexed resolution of the board of directors, was filed on July 30, 1914—on the same day on which the suspensive appeal was granted, and the suspensive appeal bond filed perfecting it. Appellees' learned counsel say in their brief that the supplemental petition was filed before the appeal bond, but the record does not show it.

The point is unimportant. We have to review the order as made and as appealed from. The learned counsel say that amendments are allowed "to vary or enlarge the relief sought or to supply a prayer for such relief omitted." That is true, but not after judgment. The proper course to be pursued was to set aside the invalid order and obtain one predicated on proper proceedings.

Moreover, the authority given to the secretary-treasurer was merely "to sign an answer waiving legal delays." Hence he was not authorized to consent to the appointment of a receiver, and especially to its being done at the suit of a person not asking to be recognized as a creditor of the corporation.

Following the precedent of the Vasquez Case, supra, we shall merely set aside the invalid order and remand the case to be proceeded with according to law, and it is so ordered; the costs of this appeal to be paid by plaintiff.