LAND, J.
Plaintiff, claiming to be a recognized creditor of the defendant in the sum of $3,099.29, with 5 per cent, interest thereon from February 10, 1914, until paid, for money furnished by plaintiff’s assignor to the defendant for promotion and organization ex *529 penses, and alleging that the directors and other officers of the said company were jeopardizing the rights of creditors by grossly mismanaging the business and by committing acts ultra vires, by wasting, misusing, and misapplying the property or funds of the said corporation, and more especially in making a certain construction contract for $250,-000 of 6 per cent, bonds, and $247,000 of the common stock, of said railway company, for work, based on an estimate of $215,000 or less, and as a matter of fact worth about $170,000, rules the defendant to show cause why a receiver should not be appointed to take charge of the said railway company and its effects.
Defendant filed an exception of no cause of action, and also an answer.
The exception was heard, and judgment was rendered in favor of the defendant, maintaining the exception and dismissing plaintiff’s suit, with costs.
Plaintiff has appealed, and assigns as error the ruling of the judge on the face of the petition.
The judge’s reasons were orally assigned in the absence of counsel for the plaintiff.
Counsel for the defendant and appellee, in their brief, submit that the judgment below should be affirmed for the following reasons:
“The suit was by one alleging itself to be a creditor, for the sole object of having a receiver appointed to take charge of the property and aifairs of the railway company. It was not a suit for the collection of a debt, and no judgment was sought except the appointment of a receiver.”
“In the case of Saxon v. Southwestern Brick & Tile Mfg. Co., 113 La. 639, 37 South. 540, which was a suit by one alleging himself to be a creditor of a corporation and praying for the appointment of a receiver, with the assent of the defendant’s board of directors, this honorable court held that there was no such thing known to the law as the suit of an ordinary creditor for the appointment of a receiver, but that such proceeding can only be maintained in aid of, or as ancillary to, a principal suit in which a judgment should be demanded.”
Counsel for the plaintiff bases its right to maintain this action upon section 1, Act 159 of 1898, providing for the appointment of receivers in certain cases, one of which reads as follows:
“At the instance of any stockholder or creditor, when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business or by committing acts ultra vires, or by wasting, misusing, or misapplying the property.”
One of the purposes of the appointment of a receiver, as appears from the allegations of the petition, is to institute legal proceedings to bring back into the treasury of the defendant company the said $247,000 of common stock, issued without consideration, in violation of the provisions of the Constitution of this state, to be disposed of for its value for the benefit of the bona fide stockholders and creditors.
The petition alleges that the issue of said stock was null and void to the knowledge of the directors of the defendant company, who for more than a year have omitted, declined, and refused to take any action to bring said common stock back into the corporate treasury.
The petition further alleges that said Johnson & Co., Incorporated, contractors, and third persons for whom said common stock was designed and intended, are about to consummate an agreement with Berton, Griscom & Co., a stock brokerage firm, of New York City, by which they are about to dispose of 51 per cent, of said fraudulent stock, and thereby pass the same into the hands of innocent third persons and place the same beyond the reach of the defendant railway; and the petition further prayed for service on said parties of a copy of the petition and said order to show cause.
Act 159 of 1898 authorizes the appointment of receivers to corporations in 11 different cases. This proceeding falls clearly within the second class, and the statute attaches no condition to the exercise of the night.
*531 The Saxon Case, cited supra, falls within the eighth class, described as follows:
“At the instance of a creditor when the board of directors of the corporation shall have declared by resolution that the corporation is unable to meet its obligations as they mature and that a receiver is necessary to preserve and administer its assets for the benefit of all concerned.”
In that case this court held that the petition was fatally defective because it did not allege the amount and nature of plaintiff’s demand, but merely that he was a creditor, and contained no prayer for judgment in favor of the plaintiff.
The court also held that the resolution of the board of directors was fatally defective.
In the course of the opinion the court said:
“The appointment of a receiver is an ancillary proceeding based on the pendency of a suit in which the plaintiff prays for judgment against the defendant.”
This doctrine was reaffirmed in Arent v. Liq. Com’rs, 133 La. 134, 62 South. 602, and was cited with approval, as to creditors, in Kerlin v. Bryceland Lbr. Co., 134 La. 463, 64 South. 289.
But we do not think that a specific prayer for judgment in favor of the creditor for the amount of his debt is essential in cases like this, where the purpose is to oust unfaithful officials of the corporation, and place all of the corporate property and assets in the hands of a receiver in the interest of all creditors and stockholders.
There is no good reason why the courts should differentiate between creditors and stockholders, where the statute confers on them the same right to have a receiver appointed. Of course, in all cases, creditors must set forth their respective claims with legal certainty.
In this case the plaintiff not only so sets forth his claim, but further alleged that it had been recognized as correct by the defendant, and passed to his credit on the corporate books.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the defendant’s exception of no cause of action be overruled, and that this cause be remanded for further proceedings; defendants to pay costs of appeal, and costs incident to the exception.
SOMMERVILLE, J„ takes no part.