(115 So. 416)

No. 28752.

## LOUQUE v. HERCULES OIL CO., Inc., et al.

Nov. 28, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

Appeal and error ⬡⇒364—Appeal from judgment appointing receiver for company and enjoining its president from managing property, not returnable in ten days, must be dismissed (Act No. 159 of 1898, § 4).

Appeal from judgment appointing receiver for oil company and enjoining its president from managing company's property or affairs will be dismissed where not made returnable in ten days from date of judgment as required by Act No. 159 of 1898, § 4, such section not having been amended or affected by subsequent legislation and its provision being clearly mandatory.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Charles Louque against the Hercules Oil Company, Inc., and another. From a judgment appointing a receiver for the named defendant and perpetuating an injunction restraining defendant J. C. Copping from administering or managing the company's property or affairs, defendants appeal. On motion to dismiss. Appeal dismissed.

Paul W. Maloney, of New Orleans, for appellants.

William J. Hennessey, William J. Hopper, and Michael M. Irwin, all of New Orleans, for appellee, Flanagan.

BRUNOT, J. This appeal is from a judgment appointing a receiver to hold the property and administer the affairs of the Hercules Oil Company, Inc., and perpetuating an injunction restraining J. C. Copping, the president of the defendant company, from administering or managing any of the company's property or affairs or from interfering with the receiver in the administration and management thereof. The judgment was read and signed April 22, 1927. The appeal was applied for and ordered on April 26, 1927, and the court's order made the appeal returnable to the Supreme Court on June 20, 1927. Several applications for an extension of the return day were made and granted, and the transcript was finally filed in this court on October 20, 1927.

The receiver moves to dismiss the appeal upon the ground that section 4 of Act 159 of 1898, fixes the return day for an appeal from a judgment such as was rendered in this case, and that the order of appeal entered by the judge of the civil district court violates the provisions of section 4 of that Act.

We think the motion to dismiss the appeal is founded upon a mandatory provision of law, and it should be sustained.

The pertinent part of section 4 of Act 159 of 1898, follows:·

"Any person or persons who by affidavit appear to be interested, in giving bond in a sum to be fixed by the court, may appeal on the face of the record from any order appointing, or refusing to appoint, a receiver, granting, or refusing to grant an injunction as aforesaid; such an appeal when perfected shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property; provided that such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal *shall be returnable in ten days from the date of such order*, and shall be tried by preference in the appellate court." (Underscoring by the court.)

Section 4 of Act 159 of 1898, has not been amended or affected by subsequent legislation, and the provision of the section relied upon by mover is clearly mandatory.

It was the evident intent of the Legislature to limit to the minimum, consistent with the right of a litigant to have his cause finally determined on appeal, the time in which the functions of a receiver might thereby be suspended. Judges are human, and, like all humans, they sometimes err; but no judge will knowingly perpetuate a palpable error.

For these reasons it is ordered that the appeal herein be and it is hereby dismissed.