O’NIELL, C. J.
 

 This is an appeal from a judgment dismissing a suit for the appointment of a receiver of a corporation. The petition for the order of appeal was filed long after the expiration of 10 days from the signing of the judgment dismissing the suit and refusing to appoint a receiver. The defendant corporation has moved to dismiss the appeal because it was not “taken and perfected within ten days from the entry of the order * * * refusing to appoint a receiver,” as required by Section 4 of Act 159 of 1898. It is well settled that, by the terms of the statute, there is no right of appeal from an order appointing or refusing to
 

 appoint a receiver, unless the appeal is taken and perfected within 10 days from .the entry of the order appointing or refusing to appoint the receiver. Crichton v. Webb Press Co., 107 La. 86, 31 So. 648; In re Louisiana Driving & Racing Club, 120 La. 268, 45 So. 127; Beuhler v. Beuhler Realty Co., 155 La. 319, 99 So. 276; Louque v. Hercules Oil Co., 165 La. 143, 115 So. 416.
 

 The appellant virtually concedes in his brief that the motion to dismiss this appeal would be well founded if it had been filed within 3 days after the transcript was filed, but he contends that the motion cannot prevail, because it was filed after the 3 days had expired. It is well settled that a motion to dismiss an appeal on the ground that the appellant had no legal right to appeal may be filed effectively at any time. James v. Fellowes, 23 La. Ann. 37; Mutual Life Insurance Co. v. Houchins, 52 La. Ann. 1137, 27 So. 657; Jackson v. Parish of Vernon, 150 La. 1057, 91 So. 509; Sample v. Wheless, 159 La. 844, 106 So. 325; Lafayette v. Farr, 162 La. 385, 110 So. 624, and decisions there cited.
 

 The appeal is dismissed at appellant’s cost.