O’NIELL, C. J.
 

 This is an appeal from a judgment appointing a receiver for a corporation. The appellant is a creditor of the corporation, and was not a party to the suit in which the receiver was appointed. The suit was brought by the Southern Joslyn Company* Inc., claiming to be a creditor of the defendant, Electric Appliance Company, for merchandise sold and delivered, to the amount of $2,039.49. The suit was brought under the eighth paragraph of section 1 of Act No-. 159 of 1898, p. 313, authorizing the courts to ap
 
 *222
 
 point a receiver to take charge of the prop-' erty and business of a corporation, at the instance of a creditor, when the board of directors of the corporation shall have declared by resolution that the corporation is unable to meet its obligations as they mature and that a receiver is necessary to preserve and administer its assets for the benefit of all concerned. The suit was filed on the next day after the board of directors of the corporation had adopted the resolution conforming with the eighth paragraph of section 1 of the statute; and on the day on which the petition was filed, the judge' ordered the corporation to show, cause on that day why the receiver should not be appointed. The corporation answered on the same day, admitting the facts alleged in the plaintiff’s petition ; and the judgment was rendered immediately, appointing the receiver.
 

 Appellant’s complaints are: First, that the plaintiff, being a creditor of the corporation, did not pray for a money judgment, in the petition for the appointment of a receiver; second, that it was not stated in the petition for the appointment of a receiver, or in the judge’s order on the corporation to show cause why the receiver should not be appointed, that the case was one of emergency, to be heard instanter, or in less than ten days; and, third, that the resolution of the board of directors of the corporation did not authorize the president to waive citation and consent to the appointment of a receiver.
 

 1. It is true that the plaintiff did not pray for a money judgment against the corporation, but prayed merely for an order to be served upon the corporation to show cause why a receiver should not be appointed, etc., and for a final judgment appointing a receiver, “and for all general and equitable relief.” But the nature of the obligation was set forth specifically in the petition, and an itemized statement was annexed, showing the date and the number and amount of each and every invoice for the goods that were sold and delivered.
 

 Appellant relies upon the statement made in the following cases that the appointment of a receiver to take charge of the property and affairs of a corporation is only an ancillary proceeding, in which the plaintiff, if a creditor of the corporation, must pray for a money judgment, in order to have a right of action to; have a receiver appointed, viz.: Saxon v. Southwestern Brick & Tile Mfg. Co., 113 La. 637, 37 So. 540; Yasquez v. Metropolitan Building Co., 134 La. 907, 64 So. 827; and Pearson v. Levy Carpet Co., 137 La. 223, 68 So. 421. The expressions to that effect in those cases were not necessary for the decision rendered in any one of the cases and should not be considered as a part of the decision. In fact, the expressions to the effect that a suit for the appointment of a receiver is only an ancillary proceeding, and that the plaintiff in such a suit, if he be a creditor of the corporation, must pray for a money judgment against the corporation in order to have a right or cause o.f action to have the receiver appointed, were virtually denied in the case of Bellevue Farms Co-, v! Orleans-Kenner Electric Co., 141 La. 528, 75 So. 236, where the court held that it was not necessary for a creditor of a corporation, suing to have a receiver appointed, to pray for a money judgment against the corporation or the receiver, in order to have a right or cause of action to have the receiver appointed. It is true that, in the Bellevue'' Farms Company’s Case, the ground on which' the appointment of á receiver was asked for Was that the' directors or officers of the corporation were jeopardizing the rights of the' creditors and stockholders by grossly mismanaging the, business or by committing acts
 
 *224
 
 ultra vires, or by wasting, misusing or misapplying the property or funds of the corporation. But, if a suit for the appointment of a receiver on that ground is not merely, an ancillary proceeding, and if, in that case, it is not necessary for the plaintiff to pray for a money judgment in order to have a right of action to have a receiver appointed, how can it be said that a suit for the appointment of a receiver because the directors of the corporation have, by a formal resolution of the board of directors, thrown up their hands and acknowledged that the corporation is insolvent and that a receiver must be appointed “for the benefit of all concerned,” is merely an ancillary proceeding, and that, therefore, the plaintiff must pray for a money judgment in order to have a right of action to have a receiver appointed? When the plaintiff in a suit for the appointment of a receiver bases his right of action upon the allegation that the directors or officers of the corporation are grossly mismanaging the business, etc., the suit is very apt to bring on a serious contest; but when the suit is founded upon the fact that the board of directors has, by a formal resolution, acknowledged that the corporation is insolvent and cannot go on, and that a receiver must be appointed, the suit cannot provoke any, contest at all as to whether a receiver must be appointed. And so there is no reason why the plaintiff in such a case should have to pray for a money judgment in order to have a right of action to have a receiver appointed. The statute itself, Act No. 159 of 1898, does not make any such requirement. According to the statute, a suit for the appointment of a receiver to take charge of the business and property of a corporation— whether it be brought by a creditor or by a stockholder of the corporation — is a complete demand, and not merely ancillary to a demand for a money judgment against the corporation. In fact, a money judgment could not be rendered in favor of the plaintiff and against the corporation in such a suit. The error of the statements made in the decisions which the appellant here relies upon was emphasized by the decision in Arent v. Liquidating Commissioners of Bank of Monroe, 133 La. 134, 62 So. 602. Arent had sued the liquidating commissioners of the bank for $50,000, and had lost his suit. Thereafter, he sued for the appointment of a receiver to take charge of the property and affairs of the bank, alleging that he was a creditor for the $50,000 on the same alleged obligation on which he had based his previous suit. The defendants, liquidators of the bank, filed a plea of res adjudieata and an exception of no cause or right of action. The district judge sustained the plea of res adjudicata, and dismissed the suit for the appointment of a receiver. This court reversed the judgment, overruled the plea of res adjudicata, and sustained the exception of no right of action, on the ground mainly that the plaintiff had disclosed in his petition that it had been judicially and finally decided that he was not a creditor of the corporation. The court said:
 

 “While the parties to the suit just referred to are the same as the parties to this suit, the causes of action are different. In the former suit, plaintiff asked for a money judgment against defendants, as liquidators of the Bank of Monroe. In the present suit, plaintiff asks for the appointment of- a receiver to the Bank of Monroe. The plea of res adjudieata should have been overruled.” In sustaining the exception of no right of action in that case, the court said that the record of the suit in which the plaintiff had asked for a money judgment against the Bank of Monroe was attached to and made
 
 *226
 
 part of Ms petition in, the suit for the appointment of a receiver, and showed that a final judgment had been rendered dismissing his suit, and that he was therefore not a creditor of the bank.
 

 We maintain, therefore, that, in a suit brought by a creditor of a corporation fox-tire appointment of a receiver, it is sufficient for the plaintiff to state the amount and nature of' his claim, with such precision and specification as to enable the court to determine whether he is in fact a creditor of the corporation; but it is not necessary for the plaintiff to pray for a money judgment in order to have the right cCf action for the ap-' pointment of a receiver.
 

 2. Appellant’s second complaint is that it was not stated, either in the plaintiff’s petition or in the judge’s order on the corporation to show cause whjr a receiver should not be appointed, that the case was one of emergency, calling for the appointment instanter, or in less than ten days. It was alleged in the plaintiff’s petition that the board of directors of the corporation had, by formal resolution, declared that the corporation was not able to meet its obligations as they matured and that the appointment of a receiver was necessary, etc.; and it was alleged that one of the creditors had already sued the corporation, and that other creditors would follow suit. Our opinion is that the judge was justified in dispensing with the ten days’ delay, which he might have given ¡the corporation, in which to show cause why a receiver should not be appointed. The statute does not require that the judge shall, when he dispenses with the ten days’ delay in such cases, state Ms reasons therefor. The statute merely requires (in the second section) that the day fixed in the judge’s order on the corporation to show cause shall be not less than ten days from the date of the order, “unless circumstances shown require in the judgment of the court a shorter delay.” We do not find that the judge erred in that respect. Besides, it is very doubtful whether any one could complain of the shortness of the delay except the corporation itself, in any case; and, when the board of directors has formally acknowledged the necessity for the appointment of a receiver, in the form prescribed by the statute, the case calls for prompt action on the part of the court.
 

 3. The only remaining complaint of the appellant is the contention that the resolution of the board of directors of the cox--' poration did not authorize the president to waive citation and consent to the appointment of a receiver. The resolution went further than to authorize the president to consent to the appointment of a receiver, for the resolution was a formal consent on the part of the corporation itself. The answer to the suit was made not in the name of the president but in the name of the corporation.
 

 The judgment is affirmed.