BRITNOT, J.
 

 This is an appeal from a judgment denying the application of the plaintiff for the appointment of a receiver of the defendant corporation, but reserving to plaintiff the assertion of such rights as she may have by way of injunction or mandamus. The judgment was read and signed in open court on May 18,1931. The order of appeal was granted and perfected May 25,1931. The order makes the appeal returnable to this court on July 14,1931.
 

 The motion to dismiss is based upon section 4 of Act No. 159 of 1898, and the case of Louque v. Hercules Oil Co., Inc., et al., 165 La. 143, 115 So. 416, 417.
 

 In answer to the motion to dismiss the appeal the plaintiff directs the court’s attention to the fact that, in the cited case, the appeal was from an order appointing a receiver, while in this ease the situation is reversed, and, therefore, the functions of the corporation are not suspended by the judgment appealed from. It is contended that it was the legislative intent to authorize the summary process only in cases where the judgment suspends the functions of the corporation. It is also contended that the error in fixing the return day is an error of the court, and that litigants will not suffer for errors of the court or its officers, it being beyond their control.
 

 The pertinent part of section 4 of Act No. 159 of 1898 is quoted in the opinion in the Louque Case. We excerpt from that opinion the following:
 

 “The receiver moves to dismiss the appeal upon the ground that section 4 of Act 159 of 1S98, fixes the return day for an appeal from a judgment such as was rendered in this ease, and that the order of appeal entered by the judge of the civil district court violates the provisions of section 4 of that act.
 

 “We think the motion to dismiss the appeal is founded upon a mandatory provision of law, and it should be sustained.
 

 “The pertinent part of section 4 of Act 159 of 1898, follows: ‘Any person or persons who
 
 *235
 
 by affidavit ¿ppear to be interested, on giving bond in a sum to be fixed by the court, may appeal on the face of the record from any order appointing, or refusing to appoint, a receiver, granting, or refusing to grant an injunction as aforesaid; such an appeal when perfected shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property; provided that such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal
 
 shall he returnable in ten days from the date of sueh order,
 
 and shall be tried by preference in the appellate court.’ (Italics by the court.)
 

 “Section 4 of Act 159 of 1898, has not been amended or affected by subsequent legislation, and the provision of the section relied upon by mover is clearly mandatory.”
 

 Whether the court appoints or refuses to appoint a receiver, the appeal must be made returnable to this court within ten days thereafter.
 

 With respect to the return day, the section is mandatory, and it must be enforced as written regardless of our disagreement with the wisdom of the Legislature in applying the rule alike in cases where the judgment appoints or
 
 refuses
 
 to appoint a receiver.
 

 The error in fixing the return day is chargeable to both the appellant and the court. Its correction was not beyond the control of the appellant, who might have had the order conform to the requirement of the statute, but who inadvertently omitted to do so. For this reason, the fixed jurisprudence of this state with respect to errors of the court or its officers which are beyond the control of a litigant cannot be successfully invoked by this appellant.
 

 For the reasons stated the motion to dismiss this appeal is sustained, and the appeal is therefore dismissed.