On Rehearing.
 

 O’NIELL, C. J.
 

 The purpose in granting a rehearing in this case was to reconcile the decision which we had rendered in the case, and in Louque v. Hercules Oil Co., 165 La. 143, 115 So. 416, with the jurisprudence to the effect that, where the law makes it the duty of the judge to fix the return day of an appeal, within certain limitations, and he makes a. mistake in his order fixing the return day, the appeal should not be dismissed on that account, unless it appears that the mistake was induced by or imputable to the appellant or his attorney. It is so provided in article 898 of the Code of Practice (section 11 of Act No. 45 of the Extra Session of 1870), and our reports are full of decisions to that effect. But that rule applies only to cases where the judge is given the authority — and is in fact required — by the provisions of Act No. 106 of 1908, p. 163, to fix the return day in his order granting the appeal, which return day shall be not less than fifteen nor more than sixty days from the date of the order of appeal, except by consent of the parties. That is the general rule, but it does not apply to an appeal from an order appointing or refusing to appoint a receiver to take charge of the affairs of a corporation, because, as we pointed
 
 *237
 
 out in Louque v. Hercules Oil Co., an appeal from such an order is governed by section 4 of Act No. 159 of 1898, which declares: "Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the appellate court." The judge who grants an appeal from an order appointing or refusing to appoint a receiver has no authority whatever to fix the return day. All that the judge has authority to do in such .n case is to grant the appeal, on condition that the appellant shall furnish' an appeal bond for the amount fixed by the judge; the return day is fixed by the• statute itself, which is applicable to all appeals from orders appointing or refusing to appoint a receiver.
 

 In this case it appears that the attorneys for the appellant presented to the judge a written motion for an appeal, together with a written order of appeal to be signed by the judge, in which order it was `said: "returnable to the Supreme Court of Louisiana on , 1931," etc.; which was an implied request for the judge to fix a return day for the appeaL The judge did not insert a date for the return day, but merely filled in the amount of the bond to be furnished, and dated and signed the order of appeal. The minute clerk after\vards insert-ad a date, in the blank space which the attorneys for the appellant bad left, to represent the return day of the appeal. The mmute clerk, who, according to the judge's certificate, is not a lawyer, evidently did not observe that this was not an ordinary case, or one in which the judge should fix the return day of the appeal, but was a case where the law itself had fixed the return day. But the error of the minute clerk consisted mere-y in doing something that was unnecessary and without effect. The attorneys for the appellant are presumed to have known that their appeal was "returnable in ten days," no matter what the minute clerk, or the judge himself, might have said of the return day. The judge in this instance made no mistake, and the mistake of the minute clerk was a matter of no importance or consequence whatever.
 

 We do not find any precedent in our jurisprudence for applying the general rule, stated in article 898 of the Code of Practice, and in the numerous decisions on the subject, to an appeal from an order appointing or refusing to appoint a receiver. In Posner v. Southern Exhaust & Blow Pipe Co., 109 La. 658, 33 So. 641, 642, the plaintiff appealed from an order refuslag to appoint a receiver for the defendant corporation, and the judge, by mistake, fixed the return day for the appeal, and fixed it at a date more than ten days after the order of appeal. The defendant, therefore, moved to dismiss the appeal, but this court overruled the motion to dismiss because, under section 4 of Act No. 159 of 1898, the appeal would have been returnable during vacation, and at that time, in 1902, the law (section 4 of Act No. 45 of Ex. Sess. of 1870) was that appeals made returnable in vacation should be returnable on the first day of the next session of the court. Hence Chief Justice Nicholls, for the court,
 

 "Had the error not occurred, the return day of the appeal would have found this court in vacation, and this particular case not triable on appeal at chambers, but by preference in open court. Under such circumstances the appellant would have been
 
 *239
 
 authorized by the fourth section of Act No. 43 of the Extra Session of 1870 to have withheld filing the transcript in the case, until after the opening of this court in November, by' force of the law itself. The appellees therefore suffered no injury by the error. They would be precisely where they would have been had the return day been correct.”
 

 The decision in New Orleans, Ft. Jackson & Grand Isle Railroad Co. v. New Orleans Southern Railway Co., 124 La. 471, 50 So. 467, is not authority for the motion to dismiss the present appeal, because, in the case cited, that part of the plaintiff’s suit which asked for the appointment of a receiver was abandoned in the trial of the case, and the plaintiff’s appeal, therefore, was not from an order refusing to appoint a receiver.
 

 The decisions which do support our ruling in the present case are Kerlin v. Bryceland Lumber Co., 134 La. 463, 64 So. 289, and Louque v. Hercules Oil Co., supra. In Louque’s Case the same argument was made, and the same decisions were cited, as in the present case; and we find no reason here for overruling the decision.
 

 Our former decree dismissing this appeal is reinstated and made the final judgment of the court.