McCALEB, Justice.
 

 This is an appeal from a judgment appointing co-receivers for a corporation. The appellant, B. F. Goodrich Company, is a creditor of the corporation and was not a party to the original proceeding in which the co-receivers were appointed. The proceedings in the lower court which brought about the appointment were as follows :
 

 A. Baldwin & Co., Inc., filed suit in the District Court on March 14, 1941, alleging that it was a creditor of the defendant, Scotty Stores, Inc.; that the affairs of the defendant were involved; that it could not meet its obligations as they matured and
 
 *417
 
 that its Board of Directors at a meeting held on March 1'3, 1941, had adopted a resolution declaring that, in view of the unstable financial condition of the corporation, the appointment of a receiver was necessary to preserve and administer its assets. A copy of this resolution of the board of the corporation was attached to and made part of the petition. On the same day, the corporation appeared in court admitting the allegations contained in plaintiff’s petition and joined with the plaintiff in its prayer for the appointment of a receiver.
 

 On March 18, 1941, the District Judge, after due consideration of the pleadings, appointed Joe Baxt and J. Bowling Charles, as co-receivers for the defendant corporation, under the authority of Paragraph 8 of Section 1 of Act 159 of 1898, which empowers the courts to appoint a receiver to take charge of the property and business of a corporation, at the instance of a creditor, when the board of directors of the corporation shall have declared by resolution that the corporation is unable to meet its obligations as they mature and that a receiver is necessary to preserve and administer its assets for the benefit of all concerned.
 

 On March 3, 1941, the appellant, B. F. Goodrich Company, claiming to be the largest creditor of the defendant corporation, intervened in the receivership proceedings by way of motion and sought to have the appointment of the co-receivers declared illegal and void for the following reasons:
 

 1. That neither the application for the appointment of the receivers nor the order appointing them had ever been spread upon the Receivership Order Book and
 

 2. That no facts were stated in the order of appointment showing circumstances warranting the emergency appointment of receivers for the corporation.
 

 Based upon the recitals contained in appellant’s motion, a rule on the receivers to show cause was issued and, after hearing contradictorily the complaints of the appellant, the court, being of the opinion that the order of appointment was made in conformity with the provisions of law, dismissed the rule. Wherefore, this appeal.
 

 The sole complaint of the appellant is that the appointment of a receiver for a corporation cannot be legally made unless the petition for the appointment and the order of appointment is first spread upon the receivership order book provided for by Section 8 of Act 159 of 1898, which reads as follows: “The Clerk of the District Court shall keep a book, to be known as the Receivership Order Book, among the records of office, 'and shall immediately enter notice therein of the filings of every petition, motion, rule or application made in behalf of any person (giving title and number of cause, date of filing, name of petitioner and the object of the petition, etc.), and shall note on said book the time of filing petition, etc., and shall enter at large therein all orders or decrees made by the court in relation to any receivership. No order shall be granted by the court until ten days after entry of such notice in the order books, except an order to show cause, or when circumstances in the opin
 
 *418
 
 ion of the court require otherwise, and same is so stated in the order or decree.”
 

 We find no merit in appellant’s contention. Section 8 of Act 159 of 1898 is not pertinent to the original proceedings for the appointment of a receiver for a corporation. Section 1 of the statute sets 'forth the grounds which authorize the appointment. Section 2 of the Act provides in substance that the application for the appointment shall be addressed to the district court of the domicile of the corporation and that, when it is filed, a copy of the petition together with an order to show cause shall be served upon the corporation. In this case, the corporation appeared voluntarily and consented to the appointment. Hence, the requisites of the law were complied with.
 

 Neither the creditors nor. the stockholders of the corporation is entitled to notice of the application for the appointment of a receiver under the provisions of Section 2 of Act 159 of 1898. That section applies only to the corporation. ’ In Southern Joslyn Co. v. Electric Appliance Co., 172 La. 219, 133 So. 753, 756, we said: “ * * * Besides, it is very doubtful whether any one could complain of the. shortness of the delay except the corporation itself, in any case; and, when the board of directors has formally acknowledged the necessity for the appointment of a receiver, in the form prescribed by the statute, the case calls for prompt action on the part of the court.”
 

 In Oil City Ironworks v. Pelican Oil & Pipe Line Co., 115 La. 265, 38 So. 987, 990, the Court declared: “We do not think the court-erred. In the Matter of the Eckhardt Manufacturing Co., 114 La. 119, 38 So. 78, we held that dreditors were not entitled to a notice of the application for a receiver, and before the court should take action upon it; that their interests were safeguarded by the remedies afforded to them after the order. We see no reason to change our views on that subject. It is evident that the lawmaker intended through the statute to provide a very prompt and summary-remedy looking to the appointment of receivers on proper application.”
 

 The provisions of Section 8 of the Act, which are relied upon by the appellant, have no application to the initial proceedings in which the appointment of a receiver is sought. This section, which provides for the keeping of a receivership order book by the clerk of the district court, has reference only to all petitions, motions, rules or other orders which are filed in the receivership proceedings after a receiver has been appointed. Until a receiver is appointed, the only party having an interest in resisting the application for the appointment is the corporation itself and, under Section 2 of the Act, the corporation is, of course, entitled to notice in order that it may set up whatever defense it has to the plaintiff’s petition.
 

 However, counsel for the appellant, in stressing their contention that the petition for the appointment of a receiver and the order of appointment must be spread upon the receivership order book in order for the appointment to be valid, maintain that this Court has ruled to that effect in
 
 *419
 
 Elchinger v. F. H. Koretke Brass & Mfg. Co., Ltd., 196 La. 962, 200 So. 314, 320. An examination of the decision depended upon will clearly demonstrate that counsel are mistaken. There, we held that the appointment of a receiver for a corporation in an ex parte proceeding without citation of the defendant corporation was void. It is true that there are expressions contained in the original opinion in that case which might be misleading and which might tend to create the erroneous impression that we were of the view that it was necessary that the application for the appointment and the order appointing the receiver be spread upon the receivership order book. However, any doubts on this score are fully elucidated by the per curiam of the court which was handed down in refusing the application for a rehearing. There we said: “The order in this case appointing the receiver is strictly ex parte. Since, under either Sections 2 or 8 of Act No. 159 of 1898, some form of notice is required, and none was given herein, the ex parte order appointing the receiver is null and void.”
 

 It is obvious from the foregoing that the conclusion reached in the Koretke case is based exclusively on the premise that the proceeding for the appointment of the receiver was strictly ex parte. That decision is without application in the case at bar, for here the defendant corporation appeared in court and consented to the appointment of the receivers.
 

 For the reasons assigned, the judgment .appealed from is affirmed.