ELLIS, Judge.
The plaintiff, Nathan D. Stringer, Sr., brought this action against the defendant, Consumers Credit Corporation, seeking the appointment of a receiver.
The defendant filed certain exceptions, among which was an exception of no right or cause of action which is re-urged here as it was overruled by the lower court. A plea of estoppel was also filed and upon hearing sustained, and plaintiff’s suit dismissed.
Plaintiff has appealed.
The appellee has filed a motion here to dismiss the appeal and has answered it, praying in the alternative that the judgment be affirmed except insofar as the attorneys fees were fixed in the sum of $300 asking that this amount be increased to the sum of $5,000.
Title 12, Section 755 of the LSA-Revised Statutes governs appeals in such cases. This Section reads:
“Any person who by affidavit appears to be interested, in giving bond in a sum to be fixed by the court, may appeal on the face of the record from any order appointing, or refusing to appoint a receiver, granting, or re *454 fusing to grant an injunction as aforesaid. Such an appeal when perfected shall have the effect of suspending the functions of the receiver, except to perform such administrative acts as may be necessary for the preservation of the property. Such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver,, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the appellate court. Any interested party may apply within thirty days after the entry of the order of appointment for a receiver to vacate same on legal or just grounds, and may appeal from an adverse judgment, but such appeal shall not suspend the functions of said receiver in any way. The value of the property confided to the receiver shall determine the jurisdiction of the appellate court.”
The course of this Statute is Act No. 1S9 of 1898, Section 4. With some slight difference in punctuation the original Act reads the same as the Revised Statute except that the original Act reads, “May appeal in the face of the record” while the Revised Statute states, “may appeal in the face of the record.”
The judgment herein was read, rendered and signed in open court on May 3, 1957 and the order of appeal was requested and granted simultaneously. This order of appeal was made returnable on June 10, 1957. The bond was filed May 7, 1957 and the appeal lodged here May 27, 1957.
The appellee, defendant below, maintains the appeal should have been perfected and lodged in this Court within the ten day period prescribed by the quoted Statute. In support of this contention the case of Naef v. Miller-Goll Manufacturing Co., 174 La. 232, 140 So. 32, is cited. In that case there was an appeal from a judgment denying the application of the plaintiff for the appointment of a receiver of the defendant corporation. The judgment was read and signed on May 18, 1931, the order of appeal granted and perfected on May 25, 1931 and the appeal made returnable July 14, 1931. A motion to dismiss the appeal was filed therein based upon Section 4 of Act 159 of 1898. (As hereinabove pointed out, the present Statute, Title 12, Section 755 of the LSA-Revised Statutes, is for all intents and purposes synonymous with the Act of 1898.)
In the Naef case, reliance was made upon the case of Louque v. Hercules Oil Co., Inc., 165 La. 143, 115 So. 416. The Supreme Court quoting from this case concluded the motion to dismiss was founded upon a mandatory provision of the law and should be sustained. The Supreme Court further said:
“In answer to the motion to dismiss the appeal the plaintiff directs the court’s attention to the fact that, in the cited case, the appeal was from an order appointing a receiver, while in this case the situation is reversed, and, therefore, the functions of the corporation are not suspended by the judgment appealed from. It is contended that it was the legislative intent to authorize the summary process only in cases where the judgment suspends the functions of the corporation. It is also contended that the error in fixing the return day is an error of the court, and that litigants will not suffer for errors of the court or its officers, it being beyond their control.”
On rehearing, which reinstated the decree dismissing the appeal, Chief Justice O’Niell reconciled the jurisprudence, stating:
“The purpose in granting a rehearing in this case was to reconcile the decision which we had rendered in the case, and in Louque v. Hercules Oil Co., 165 La. 143, 115 So. 416, with the jurisprudence to the effect that, where *455 the law makes it the duty of the judge to fix the return day of an appeal, within certain limitations, and he makes a mistake in his order fixing the return day, the appeal should not be dismissed on that account, unless it appears that the mistake was induced by or imputable to the appellant or his attorney. It is so provided in article 898 of the Code of Practice (section 11 of Act No. 45 of the Extra Session of 1870), and our reports are full of decisions to that effect. But that rule applies only to cases where the judge is given the authority — and is in fact required — by the provisions of Act No. 106 of 1908, p. 163, to fix the return day in his order granting the appeal, which return day shall be not less than fifteen nor more than sixty days from the date of the order of appeal, except by consent of the parties. That is the general rule, but it does not apply to an appeal from an order appointing or refusing to appoint a receiver to take charge of the affairs of a corporation, because, as we pointed out in Louque v. Hercules Oil Co., an appeal from such an order is governed by section 4 of Act No. 159 of 1898, which declares: ‘Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the appellate court.’ The judge who grants an appeal from an order appointing or refusing to appoint a receiver has no authority whatever to fix the return day. All that the judge has authority to do in such a case is to grant the appeal, on condition that the appellant shall furnish an appeal bond for the amount fixed by the judge; the return day is fixed by the statute itself, which is applicable to all appeals from orders appointing or refusing to appoint a receiver.”
Further, in the Naef case, the Court said:
“The attorneys for the appellant are presumed to have known that their appeal was ‘returnable in ten days,’ no matter what the minute clerk, or the judge himself, might have said of the return day * *
Also in the Naef case, at column 2, Í140 So. at page 33, we find:
“With respect to the return day, the section is mandatory, and it must be enforced as written regardless of our disagreement with the wisdom of the Legislature in applying the rule alike in cases where the judgment appoints or refuses to appoint a receiver. The error in fixing the return day is chargeable to both the appellant and the court. Its correction was not beyond the control of the appellant, who might have had the order conformed to the requirement of the statute, but who inadvertently omitted to do so. For this reason the fixed jurisprudence of this state with respect to errors of the court or its officers which are beyond the control of a litigant cannot be successfully invoked by this appellant.”
The Supreme Court in the Naef case, in support of its ruling, cited both the Louque v. Hercules Oil Co., supra, as well as Kerlin v. Bryceland Lumber Co., 134 La. 463, 64 So. 289.
The Kerlin case stated that Act No. 106 of 1908, now LSA-R.S. 13:4438 which fixed the return day in the order granting an appeal at not less than 15 nor more than 60 days from the date of the order except by consent, does not apply to appeals from orders appointing receivers but that such appeals are governed by Act 159 of 1898, now LSA-R.S. 12:755, which provides that the appeal shall be returnable in ten days. To the same effect is Davies v. Monroe Waterworks & Light Co., 107 La. 145, 31 So. 694.
*456 Crichton v. Webb Press Co., 107 La. 86, 31 So. 648, holds that under Act No. 159 of 1898, now LSA-R.S. 12:755, appeals from judgments appointing or refusing to appoint receivers to corporations must be taken within ten days from the entry of the order and neither the parties to the cause nor the court can alter this requirement. Also see Webb v. Wilhelm Moss Co., 167 La. 430, 119 So. 416.
In the present case the appeal was made returnable too late and the record was filed here too late, and under the fixed jurisprudence the motion to dismiss is well founded.
The appeal is therefore dismissed.