PER CURIAM.
This case presents a motion to dismiss the appeal of the defendant-appellant from a judgment, of the Twenty-Fifth Judicial District Court for the Parish of Plaque-mines. The judgment dismissed defendant-appellant’s opposition to the appointment of plaintiff as natural tutrix in this state of the minors, Edward S. Kitchen and Elizabeth F. Kitchen.
The judgment was rendered on August 3, 1962, and amended by order on August 14, 1962. The appeal was taken on November 2, 1962.
LSA-C.C.P. art. 4068 provides:
“An appeal from a judgment confirming, appointing, or removing a tutor or an undertutor can only be taken within thirty days from tire applicable date provided in Article 2087(l)-(3).
“Such judgment shall not be suspended during the pendency of an appeal. The acts of a tutor or of an undertutor shall not be invalidated by the annulment of his appointment on appeal.”
Article 2087 provides:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
The appellant did not apply for a new trial in this case; therefore, Article 1974, providing that the delay for applying for *828 a new trial is three days, and Article 2087 (1), supra, are applicable. It is clear, therefore, that the appellant did not take his appeal within the specified time, and the time for the taking of the appeal lapsed before it was brought.
The appellant contends, however, that the motion to dismiss this appeal was not made within the requisite time, and therefore, the appellee is precluded from asserting the defect.
He contends that LSA-C.C.P. Article 2161, providing that:
“ * * * Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
is applicable. The appellee’s motion to dismiss was not filed within the three-day period.
We do not believe the defects or irregularities referred to in Article 2161 include the failure to bring the appeal within the requisite period.[1]
The defect in this appeal relates rather to the right to appeal.
“If, in any given case, ‘no appeal will lie,’ whether because of the amount in dispute, or because the time limited for an appeal has expired, the appellate court has no jurisdiction, and every court is bound, ex officio, to take notice of the want of jurisdiction patent on the face of the record, although the parties may be willing and may consent not to raise the question.” (italics ours)
Untereiner v. Miller et al., 29 La.Ann. 435.
There is no right” to appeal except as provided by statute. The failure to bring an appeal within the statutory period, therefore, results in a loss of the right to appeal. See Lafayette et al. v. Farr et al., 162 La. 385, 110 So. 624; Webb v. Wilhelm Moss Co., Inc., 167 La. 430, 119 So. 416; Wulff v. Mayer, La.App., 144 So.2d 246; Spears v. Fourmy, La.App., 150 So.2d 342.
The appeal is, therefore, dismissed at appellant’s costs.
Appeal dismissed.

. Comment (a) to Article 2162 advises us that:
“(a) The first paragraph of the above article makes no change in the law. Cases illustrating the application of Art. 2161, supra, and the first paragraph of the above article are collected in McMahon (1956 Supp.) 198, n. 26.3."