REID, Judge.
This appeal was lodged by Gustave Naquin, from a judgment rendered on June 1, 1965, by the 17th Judicial District Court for the Parish of Lafourche in the matter entitled “Mrs. Abel Rodrigue vs. South Louisiana Marsh Equipment Co., Inc.”, Number 15555 of said Court, ordering a stay of all proceedings against the property of the defendant corporation until the receivership proceedings could be finalized. The judgment was rendered by the Court upon petition of the appellee, Andrew A. *558 Clieramie Marsh Buggies, Inc., for an injunction preventing the sale of certain assets of the South Louisiana Marsh Equipment Co., Inc. seized by the Sheriff of the Parish of Lafourche, under a Writ of Fieri Facias issued on behalf of the appellant, Gustave Naquin. The judgment which Naquin was attempting to have executed was one rendered by the 17th Judicial District Court for the Parish of Lafourche against South Louisiana Marsh Equipment Co., Inc., but, in a proceeding not within the receivership proceeding, which did not name the receiver as a party defendant, although filed during the pendency thereof. The Trial Court after hearing oral argument and considering the pleadings and the law granted a stay of any and all proceedings by any person against the property of the corporation under the authority of Louisiana Revised Statute 12:754.
Appellant, Gustave Naquin, appeals from the judgment granting said stay of execution.
All receivership proceedings are provided for and governed by LSA-R.S. 12, Chapter 9.
LSA-R.S. 12:754 reads as follows:
“Pending the hearing and determination of an application for the appointment of a receiver, the court, in its discretion, and on the plaintiff giving bond in a sum to be fixed by the court, may enjoin the corporation, its officers, shareholders, and agents from disposing of its property or changing the status of its affairs to the injury of the plaintiff. The court may stay proceedings by other persons against its property.”
This provision grants to the Court the right, in its' discretion, to grant an injunction or stay order enjoining any disposition of the property or changing the status thereof.
The record shows that the judgment was rendered on June 1, 1965, and the petition for the appeal was not filed until August 17, 1965, or more than 75 days after the order was entered.
LSA-R.S. 12:755 provides that appeals from an order granting or refusing an injunction must be taken and perfected within ten days. This provision has been strictly construed. This Court in Stringer v. Consumers Credit Corporation, La.App., 97 So.2d 453, held as follows:
“The Kerlin case stated that Act No. 106 of 1908, now LSA-R.S. 13:4438 which fixed the return day in the order granting an appeal at not less than 15 nor more than 60 days from the date of the order except by consent, does not apply to appeals from orders appointing receivers but that such appeals are governed by Act 159 of 1898, now LSA-R.S. 12:755, which provides that the appeal shall be returnable in ten days. To the same effect is Davies v. Monroe Waterworks & Light Co., 107 La. 145, 31 So. 694.”
See also Naef v. Miller-Goll Mfg. Co. (1932) 174 La. 232, 140 So. 32; Louque v. Hercules Oil Co., (1928) 165 La. 143, 115 So. 416; Webb v. Wilhelm Moss Co., Inc. (1928) 167 La. 430, 119 So. 416; and Kerlin v. Bryceland Lumber Co., 134 La. 463, 64 So. 289.
For the above reasons, we are of the opinion the motion to dismiss the appeal is well founded and is sustained and appellant’s appeal is accordingly dismissed at his costs.
Appeal dismissed.