En Banc.
HOOD, Judge.
This is a petitory action. Judgment was rendered by the trial court in favor of defendants, and plaintiffs appealed. The defendants-appellees then filed a motion to dismiss the appeal alleging that it had not been timely filed. The matter is before us at this time solely on that motion to dismiss the appeal.
The record shows that a final judgment on the merits was rendered on September 19, 1967, and that it was read and signed in open court on November 9, 1967. A certificate of the Clerk of Court recites that “Notice of the judgment and a certified copy of the judgment” was mailed to all counsel of record on the same day the decree was read and signed, that is, November 9, 1967. No one has applied for a new trial.
*143 On March 14, 1968, plaintiffs orally-moved for a devolutive appeal in open court, and such an appeal was granted by the trial judge, returnable to this court on or before May 10, 1968, with the appeal bond being set at $500.00. An appeal bond was filed on the original return date.
Two orders extending the return date were obtained thereafter, and eventually the record was lodged in this court on June 3, 1968. The defendants-appellees promptly filed motions to dismiss the appeal, alleging that the appeal had not been timely taken or perfected.
LSA-C.C.P. art. 2087 provides that a de-volutive appeal may be taken, and the security therefor furnished, within 90 days of the expiration of the delay for applying for a new trial, if no application has been timely filed.
LSA-C.C.P. art. 1974 provides that the delay for applying for a new trial shall be three days, exclusive of holidays, and that this delay commences to run on the day after the judgment is signed. When notice of judgment is required by Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed the notice of judgment.
A notice of the signing of this judgment was required in this case, but as we have already stated, such a notice was mailed pursuant to the provisions of LSA-C.C.P. art. 1913, on the day the judgment was read and signed, that is on November 9, 1967.
Two legal holidays, November 11 and 12, interrupted the running of the three day delay for applying for a new trial and according to our computations the last day on which such an application could be made was on November 14. The 90 day period allowed by LSA-C.C.P. art. 2087 for taking a devolutive appeal began to run on November 15, 1967, and the last day on which such an appeal could be taken was on February 12, 1968. Plaintiffs did not move for or obtain an appeal in this case until March 14, 1968, which was approximately one month after the delays allowed by law for obtaining that relief had elapsed. The appeal bond was not supplied and filed until almost two months later.
 There is no “right” to appeal except as provided by statute. Since the appeal in this case was not taken within the 90 day period allowed by LSA-C.C.P. art. 2087, the appeal must be dismissed. See In Re Tutorship of Kitchen, 162 So.2d 826 (La.App. 4th Cir. 1964); and Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir. 1965).
For the reasons herein set out, the appeal taken by plaintiffs is hereby dismissed. The costs of this appeal are assessed to plaintiffs-appellants.
Appeal dismissed.